(Opinion published 52 N. W. Rep. 220.)

CHANNING SEABURY *et al. vs.* MICHAEL SCHWARTZ *et al.*

Argued May 13, 1892. Decided May 20, 1892.

**Verdict not Justified by the Evidence.**
Order granting a new trial on the ground that the verdict was not justified by the evidence affirmed.

Pleading construed.

Appeal by defendants, Michael Schwartz and Matthias Mechtel, from an order of the District Court of Scott county, *Cadwell,.J.*, made December 29, 1891, granting a new trial.

This action was commenced by Lewis H. Maxfield and Channing Seabury, plaintiffs, to recover of the defendants $287.81, balance of account for goods sold and delivered by plaintiffs to Berens & Nachtsheim prior to July 19, 1889. Berens & Nachtsheim were copartners in mercantile business at Shakopee, and on that day sold and delivered their stock of goods and business, assigned their claims and accounts, and conveyed their real estate, to the defendants, who in consideration thereof agreed in writing with Berens & Nachtsheim to pay them $5,071 in cash, and also to pay to their creditors all their debts as they should mature and become due and payable. The defendants failed to pay this debt due to plaintiffs, and this action was based on that written contract. The defendants demurred to the complaint. The demurrer was overruled, and they appealed to this court, where the order was affirmed. *Maxfield* v. *Schwartz*, 43 Minn. 221. The defendants then answered, among other

things, that the real agreement was that they should pay the debts of Berens & Nachtsheim to the extent only of the proceeds of the property sold, but that Berens & Nachtsheim procured the defendants to execute the written agreement to pay all, by fraudulently representing that it expressed the true agreement. To this answer the plaintiffs demurred. This demurrer was also overruled, and plaintiffs appealed to this court, where that order was also affirmed. *Maxfield* v. *Schwartz,* 45 Minn. 150. The plaintiffs then replied, denying the fraud and misrepresentations. The issues were brought to trial June 9, 1891, and defendants obtained a verdict. Plaintiffs moved the court to set the verdict aside and grant a new trial on the ground that it was not justified by the evidence and was contrary to law. The trial court granted the motion, and defendants brought this appeal from that order.

In the statement of facts on a former appeal, 45 Minn. 150, it is erroneously stated that the order there reviewed refused a new trial after verdict for defendants.

*J. L. Macdonald,* for appellants.

The defense in this case is, that defendants were induced to sign and enter into this contract by false and fraudulent representations made to them, before the agreement was written, as to the amount of the total indebtedness of Berens & Nachtsheim, and as to the value of the merchandise, book accounts, and other property, proposed to be turned over to defendants. This defense was pleaded and proved, and the jury have found it true, and there is ample evidence to sustain that finding. *MacLaren* v. *Cochran,* 44 Minn. 255.

The defense here is not that the contents of the written agreement were misrepresented to them; it is that they were induced to enter into the agreement which they did make (no matter whether the writing states it correctly or not) by being falsely and fraudulently told by Berens & Nachtsheim that their total indebtedness did not exceed $9,500, (admitted now to have been $12,257.58,) and that the aggregate value of their property proposed to be assigned was $11,750, when in truth and fact the aggregate value of the property was only $6,937.10.

Having stated what we believe to be the issues in the case, we now claim that there was ample evidence to sustain the verdict of the jury.

*Southworth & Coller*, for respondents.

The defense which this court found the answer to contain is, that Berens & Nachtsheim procured the defendants to execute the written instrument upon which this action is brought by falsely and fraudulently representing to them that it expressed the agreement which they had made, they believing such representations to be true. *Maxfield* v. *Schwartz*, 45 Minn. 150.

On this defense found in the answer, plaintiffs went to trial, and submitted the issues raised by it to a jury. The parties who wrote and read the contract to defendants testified that there was not a particle of misrepresentation by any one, as to what the instrument expressed. Having thus completely disproved the only defense which the answer contained, we were clearly entitled to recover. Defendants claimed at the trial, and now claim, that this was not their real defense, and they insist upon showing fraudulent representations which induced them to make the contract. *Carlton* v. *Hulett*, 49 Minn. 308.

But if this were not the only defense set up in the answer, defendants were advised at the time by counsel as to what agreement they could make which would be valid, and withstand the attacks of the firm's creditors. There were but two schemes which were practicable; one was to take an inventory, and purchase all the assets of the firm, at their full and fair value; and the other, the one set forth in the contract. After full consideration, the latter was adopted.

MITCHELL, J. The order granting a new trial must be affirmed, for the reason that upon the issues submitted by the court to the jury the preponderance of evidence was not only not in favor of the verdict, but manifestly and palpably against it. An examination of the record will, we think, satisfy any one that the overwhelming weight of evidence was that the actual agreement between Berens & Nachtsheim and the defendants was in exact accordance with the

written contract, to wit, that the defendants took all the assets of Berens & Nachtsheim, and in consideration therefor were to pay all the debts of the latter.    The direct testimony to that effect is strongly corroborated by the fact that there was a legal necessity for all the creditors being provided for; otherwise, they might attack the transfer of the assets of Berens & Nachtsheim to defendants,—a consideration that was suggested and talked over during the negotiations of the parties.

When carefully analyzed, the testimony of Mechtel does not seriously controvert the fact that this was the agreement.    While, in some portions of his testimony, he says that the agreement was that the defendants were only to pay debts to the amount of $9,500, or only to pay what they realized out of the property assigned, (his testimony is very indefinite as to which,) yet it is pretty evident from other portions of his evidence that he is merely testifying as to what would have been the result had Berens' statements as to the amounts of the debts and the value of the property been correct.

There is not a particle of evidence that the contents of the written contract were misrepresented to him.

The solemn written agreement of parties cannot be set aside on any such weak and unsatisfactory evidence.    So far from its being error for the court to set aside the verdict, we think it would have been manifest error not to have done so.    As this was the only issue submitted to the jury, it is not necessary, for the purposes of this appeal, to consider any other questions; but it may be proper, with reference to another trial, to construe the allegations of the answer, in order to determine just what the issues under the pleadings are.

Counsel for defendants claims that the defense set up in the answer was not exclusively or chiefly that the writing did not express the real contract of the parties, and that defendants were induced to sign it through misrepresentations as to its contents, but that they were induced to enter into an agreement by the false and fraudulent representations of Berens & Nachtsheim as to the amount of their indebtedness and the value of their assets.

The answer is a difficult one to construe.    It would seem as if the pleader, conscious of some legal difficulties in the case, had scram-

bled his statement of facts in order to conceal the addled character of the defense.

When this case was here on a former appeal,—45 Minn. 150, (47 N. W. Rep. 448,)—we construed the answer as alleging that the real agreement of the parties was that in consideration of the transfer by Berens & Nachtsheim of all their property to defendants the latter should pay the debts of the former to the extent of the proceeds of such property, but that Berens & Nachtsheim procured defendants to execute the written contract, obligating them to pay all their debts, by fraudulently representing to them that the writing expressed the real agreement. It was upon this construction that we affirmed an order overruling a demurrer to the answer, holding that if the facts were as stated the writing was not the actual agreement, which alone they were bound to perform. A re-examination of the answer confirms us in the opinion that this is the only defense which it contains. It alleges the false and fraudulent representations of Berens & Nachtsheim as to the amount of their debts and assets, and that in reliance upon the truth of these representations the defendants were induced to enter into, not the agreement contained in the writing, but an agreement to pay, upon the indebtedness of Berens & Nachtsheim, such amount, and no more, as they could realize out of the assigned property; or, as elsewhere expressed in the answer, they agreed to nothing more, and incurred no more liability, than to sell said property, and apply the proceeds to the payment of the indebtedness of Berens & Nachtsheim. The answer further alleges that Berens & Nachtsheim represented to them that the writing correctly stated this agreement, and that they signed it supposing that this representation was true. The answer then alleges that the defendants have fully performed the actual agreement by paying out upon the indebtedness of Berens & Nachtsheim an amount in excess of all that was realized out of the assigned property. If the actual agreement was as defendants allege, to wit, to pay debts only to the extent of the proceeds of the assigned property, the representations of Berens & Nachtsheim as to the amount of their debts and the value of their assets were wholly immaterial, and would be no ground for rescinding the contract; and even if they were, the

defendants have never elected to rescind. They do not even suggest a rescission in their answer. What they do claim is that they have fully performed the actual agreement.

It will also be observed that the contract which they allege they were induced to make by reason of these representations is not the one contained in the writing, and which they are now seeking to avoid. We cannot construe the answer as alleging any defense except that the writing does not state the actual agreement that the defendants were induced to sign the writing by false representations as to its contents, and that they have in fact fully performed the agreement actually made.

Order affirmed.

(Opinion published 52 N. W. Rep. 221.)