## C. AULTMAN & Co. *vs.* KNUD OLSON.

### February 1, 1886.

**Defence to Note obtained by Fraud of Payee's Agent.**—To an action by the payee upon an instrument for the payment of money, fraud practised by the payee's agent, in procuring the instrument to be executed in terms materially different from those in fact agreed to by the maker, is available to the maker (he having acted in good faith) as a defence, irrespective of whether, in the particular matters to which the fraud relates, the agent acted under a true or false assumption of authority.

**Same—Rescission.**—To such a case the law of rescission has no application, the defence being that the instrument is not the maker's contract, but void.

Plaintiff, a corporation, brought this action in the district court for Redwood county, upon two instruments, similar in form, one of which is as follows, viz.:

"SPRINGFIELD, MINNESOTA, November 15, 1880.

"On or before the first day of November, 1881, for value received in renewal of my note, No. 60,759, due November 1, 1879, I, or we, the undersigned, each as principals, of Willow Lake township, county of Brown, State of Minnesota, promise to pay to the order of C. Aultman & Co., (an incorporated company under the general laws of the State of Ohio,) of Canton, Ohio, eighty-one and 55-100 dollars, payable at the office of ———, with interest at the rate of ten per cent. per annum from date until maturity, and interest at the rate of ten per cent. per annum from maturity until paid. In consideration of the extension herewith given, I hereby acknowledge full satisfaction as to warranty, and release and relinquish forever all claims against C. Aultman & Co., arising out of the purchase from them of the machine for which the note of which this is a renewal given. P. O. Springfield, Brown County, State of Minnesota, resides 12 miles N. W. of P. O.                    KNUD OLSON. [Seal.]

"Witness.   Geo. A. Clarke."

The answer alleges that these instruments were executed and delivered without consideration and through plaintiff's fraud, setting out the matters recited in the opinion.

The action was tried before *Webber*, J., and a jury, and defendant had a verdict. Plaintiff appeals from an order refusing a new trial.

Plaintiff's ninth request, referred to in the opinion, was as follows, viz.: "If you fail to find that the note was read to the defendant as having a condition that in case the plaintiff did not fix the machine the notes were not to be paid, you must find for the plaintiff."

*P. A. Foster* and *M. M. Madigan*, for appellant.

*Baldwin & Ward* and *J. M. Thompson*, for respondent.

BERRY, J. This is an action upon two like instruments for the payment of money, called "notes." The defence is that they were given in renewal of others theretofore executed by defendant for part of the price of a harvester sold by plaintiff to defendant, with a false warranty of quality; that at the time they were executed it was agreed that defendant's rights on account of the alleged breach of warranty should remain unaffected, and further that a provision should be inserted in them to the effect that plaintiff should put the machine in good order and repair before the commencement of the harvest of 1881, otherwise they should be void; that, in violation of this agreement, the plaintiff's agent, who took the notes from defendant, fraudulently inserted therein a release of all claims on account of the warranty, and fraudulently omitted to insert therein the agreed provision as to putting the machine in good order and repair, with the condition that otherwise the notes should be void.

1. The plaintiff contends that there is no evidence of any warranty, and that, therefore, even if the release *was* inserted fraudulently and contrary to agreement, defendant can have suffered no prejudice, and hence its insertion is immaterial. There is, in our judgment, evidence reasonably tending to establish the alleged warranty, its breach, and the consequent damage. The testimony of the defendant to this effect is somewhat confused, but it is the testimony of one who appears to understand and speak our language imperfectly, and this fact the jury very sensibly took into consideration in deliberating upon their verdict. As to the plaintiff's position that the alleged agree-

ment as to putting the machine in order simply provided for a penalty, and, if inserted in the notes, would only have put the case upon a footing analogous to that of *Mason* v. *Callender*, 2 Minn. 302, (350,) while it is apparent that he is mistaken, for the agreement clearly imposed a *condition* upon which the notes were to be *void*, it is to be observed that in this case, where the question is whether the agreement was *fraudulently* omitted from the notes or not, it is not important whether it provided for a penalty or for something else. ·

2. Whether plaintiff's agent had in fact authority to agree to the alleged provisions as to the matter of warranty, and as to the repair of the machine, is unimportant. The defendant having, so far as appears, acted in good faith, if plaintiff's agent has obtained the notes by practising a fraud upon him, whether under a true or false assumption of authority, the fraud taints the pretended *contract* evidenced by the notes, and is necessarily available as a defence against them in the hands of the principal. *Bennett* v. *Judson*, 21 N. Y. 238; Bigelow, Lead. Cas. 21; *Mundorff* v. *Wickersham*, 63 Pa. St. 87; *Keough* v. *Leslie*, 92 Pa. St. 424.

3. Upon the evidence in the case, there is no difficulty in discoving a consideration for the liability (so to speak) which the alleged provision as to putting the machine in good order imposed upon the plaintiff. The evidence tends not only to show that these notes differed from those in place of which they were given as to time of payment, but—what is decisive—that they were taken and given in settlement or compromise of a controversy or disputed claim. Pollock, Cont. 166; 167.

4. The law of rescission has no application to this case. The defence set up is not that the plaintiff has been guilty of some fraud as respects the consideration of the notes, or the transactions out of which they grew, which makes them *voidable* by the defendant, and entitles him to *rescind* them, but that in law he never made them, because, his signature having been obtained by the plaintiff's fraudulently false representation of their contents, he never assented to their terms,—they are not his contracts, nor contracts at all, but are void. *Non est factum* could have been pleaded against them at common law. *Foster* v. *Mackinnon*, L. R. 4 C. P. 704; *Stacy* v. *Ross*, 27 Tex. 3,

and cases cited; *Van Valkenburgh* v. *Rouk*, 12 John. 337; *Vorley* v. *Cooke*, 1 Giff. 230; Kerr on Fraud and Mistake, 49, 50; Bishop, Cont. §§ 192, 194, 241. He has therefore no occasion *to rescind* them, for they never bound him. He may well stand still, and await the plaintiff's attempt to enforce them before interposing his defence. If, through the fraud of his agent in assuming to reduce the real contract of the parties to writing, the plaintiff has become involved in difficulty by surrendering the old notes, (of which, however, we discover no evidence,) or giving defendant time, the defendant is under no obligation, as respects the defence of *this* action, to help him out. The defendant did not get the machine for these notes, neither was the extension given him, nor the old notes surrendered to him, (if at all,) under a contract evidenced by these notes, but under *another*, which these notes do not embody, and which he does not seek to repudiate or rescind. Bigelow on Fraud, 427.

5. Neither have the rules of law in reference to the reformation of contracts any application to this case.. The defence is that the notes are a *fraud* upon the defendant, and therefore void. He has no occasion to have them *reformed*.

6. There is certainly evidence reasonably tending to support the verdict, by showing that defendant was induced to execute the notes by the fraudulent representations of plaintiff's agent as to their contents. Whether, in trusting to these representations of the agent, defendant was negligent, does not appear to be important. The notes are still in the hands of the original payee, and it would hardly lie in its mouth to say that the defendant was not in law defrauded because he was careless in trusting to its representations. *Cole* v. *Williams*, 12 Neb. 440; *Mackey* v. *Peterson*, 29 Minn. 298; Bish. Cont. §§ 192–194; *Foster* v. *Mackinnon*, L. R. 4 C. P. 704. If the notes, though not commercial paper proper, had passed to a *bona fide* assignee, possibly, under some circumstances, a different question might be presented.

7. Plaintiff's ninth request for instructions to the jury was properly rejected, because it confined the proof of fraud to the matter of *misreading* the notes, without reference to the defence and evidence that their contents were *misstated*, and also because it omitted any refer-

ence to the release clause, the insertion of which was also claimed to be fraudulent.

Order affirmed.