CHARLES O. WOODBURY, administrator, *vs.* GEORGE E. WOODBURY.

Essex. Nov. 5, 1885. — March 10, 1886. FIELD & DEVENS, JJ., absent.

In an action by an administrator to recover a sum of money given by his intestate to the defendant, on the ground that the money was obtained by the undue influence of the defendant, there was evidence that the donor was a woman eighty-four years of age, who was sick much of the time, weak in mind and memory, and broken down; that the gift was of a large portion of the donor's estate; that the defendant, who was not a relative of the donor, was her physician, and attended her frequently; that he had charge of all her affairs, and was her only adviser; that he was consulted by the donor as to employing or discharging servants or nurses, and as to her domestic affairs; that she dressed according to his advice; that she relied upon him for direction in all her affairs; that the gift was made to him without consultation with any one; that the fact of the gift having been made was kept secret by him until after her death; and that, when the donor's relatives visited her, he kept away. *Held,* that the question whether the defendant exercised undue influence was properly submitted to the jury.

In an action by an administrator to recover a sum of money given by his intestate to the defendant, on the ground that the money was obtained by the undue influence of the defendant, the jury were instructed that, when a fiduciary or confidential relation is established between a donor and a donee, a case arises

for watchfulness on the part of those who have to pass on the validity of the gift, to see that this confidence has not been abused by the exercise of undue influence; that the mere existence of such a relation did not, as matter of law, operate to bar the right of the beneficiary to receive such a bounty; that if the donor was of sound mind, and clearly understood the transaction, and exercised a free will in the act, under no restraint or undue influence, such gift would be supported; that the law viewed such transactions with jealousy; that if, at the time of the gift, the donor's mind was enfeebled by age and disease, though not to the extent of producing mental unsoundness, and the donor acted without independent and disinterested advice, and in the presence of the donee, and such gift was of a large portion of all the donor's estate, and operated to deprive those having a natural claim to the donor's bounty of all benefit from the donor's estate, these circumstances, if proved and unexplained, would authorize a jury to find the gift void, through undue influence, without proof of specific acts or conduct of the donee; and that where the donee was a witness, and other evidence was introduced, the whole matter was for the determination of the jury, and the general burden was on the plaintiff, taking all the evidence, natural presumptions, and inferences together, to establish the proposition of undue influence. *Held*, that the defendant had no ground of exception.

In an action by an administrator to recover a sum of money given by his intestate to the defendant, on the ground that the money was obtained by the undue influence of the defendant, after a witness had testified to a conversation with the intestate about two years before her death, which disclosed her state of mind at that time towards her sister, because of the condition of the sister's son, evidence was admitted that the sister had living with her a son, who was partially blind at the date of the gift; and that the intestate then knew it. *Held*, that the defendant had no ground of exception.

GARDNER, J. This is an action for money had and received, by which the plaintiff seeks to recover $2861, given as a gift *inter vivos* by the plaintiff's intestate to the defendant, — between whom there existed confidential relations, not only of physician and patient, but also of adviser and friend, and of agent and principal, — upon the ground that the gift was obtained by the undue influence of the defendant.

1. The defendant first requested the court to instruct the jury that there was no evidence in the case which would warrant them in finding that the defendant solicited the gift, or used any undue influence to obtain the same. The court declined to give this instruction. The evidence bearing upon the question of undue influence, introduced at the trial, is reported in full in the defendant's bill of exceptions. It tended to show that the donor was eighty-four years old, and was sick much of the time, weak in mind and memory, and broken down; that the gift was of a large portion of the donor's estate; that the defendant, who was not a relative of the donor, attended her as a physician, and

visited her every day or twice a week; that he had charge of all her affairs and was her only adviser; that he was consulted by the donor as to employing or discharging her servants or nurses, and as to her domestic affairs, and that she dressed according to his advice; that she relied upon him for direction in all her affairs; that the gift was made to the defendant without consultation with any one, and that the fact of the gift having been made was kept secret by him until after her death. It was also in evidence, that, when the donor's relatives visited her, the defendant remained away. We cannot say, as matter of law, that there was no evidence in the case which would warrant the jury in finding that the defendant solicited the gift, or that he used any undue influence to obtain the same. The evidence reported bearing upon the physical and mental condition of the alleged donor, her age, the acts, doings, and relations through several years of the defendant towards her, the transactions between them at and about the time of the alleged gift, and his general conduct towards her and her relatives, we are satisfied, raises such a presumption of fact, that, if believed by the jury, it would justify them in finding that the defendant in some form solicited the gift, and used undue influence to obtain it. *Howe* v. *Howe*, 99 Mass. 88. If undue influence must be established by affirmative testimony, with the burden of proof upon the party alleging it, it is thus established when facts are proved from which it results as an unavoidable inference. *Tyler* v. *Gardiner*, 35 N. Y. 559. "In some cases, undue influence will be inferred from the nature of the transaction alone; in others, from the nature of the transaction, and the exercise of occasional, or habitual, influence." *Sears* v. *Shafer*, 2 Selden, 268. Upon the evidence which is reported, we think that the ruling prayed for should not have been given; and that the court was fully justified in declining to rule as requested.

2. The jury were instructed as follows: "When a fiduciary or confidential relation is established between a donor and a donee, a case arises for watchfulness on the part of those who have to pass on the validity of the gift, to see that this confidence has not been abused by the exercise of undue influence. The mere existence of such a confidential relation does not, as

matter of law, operate to bar the right of the beneficiary to receive such a bounty. If the donor was, at the time, of sound mind, and clearly understood the transaction, and exercised a free will in the act, under no restraint or undue influence, such gift will be supported. But the law views transactions of this kind between such parties with some jealousy, and if, at the time of the gift, the donor's mind was enfeebled by age and disease, even though not to the extent of producing mental unsoundness, and the donor acted without independent and disinterested advice, and in the presence of the donee, and such gift was of a large portion of all the donor's estate, and operated substantially to deprive those having a natural claim to the donor's bounty of all benefit from the donor's estate, these circumstances, if proved, and unexplained, would authorize a jury to find the gift void, through undue influence, without proof of specific acts and conduct of the donee. But where the donee is himself a witness, and other evidence is introduced, as in the present case, the whole matter is for the determination of the jury, and the general burden is on the plaintiff, taking all the evidence, natural presumptions, and inferences together, to establish the proposition of undue influence."

The first part of the instructions given will find support in the current of English and American decisions. *Rhodes* v. *Bate*, L. R. 1 Ch. 252. *Mitchell* v. *Homfray*, 8 Q. B. D. 588. *Yosti* v. *Laughran*, 49 Mo. 594. *Garvin* v. *Williams*, 44 Mo. 465. *Cadwallader* v. *West*, 48 Mo. 483. *In re Welsh*, 1 Redf. 239. *Wilson's appeal*, 99 Penn. St. 545. *Todd* v. *Grove*, 33 Md. 188, and the numerous cases therein cited.

At the trial, the jury had before them the fact that the defendant, at the time the gift was made to him, was the physician of the plaintiff's intestate, her friend, adviser, and financial agent; and, under many of the cases cited, this relation would create a suspicion of undue influence, which might be considered by the jury, without any direct proof of such influence. *Drake's appeal*, 45 Conn. 9. In cases of probate of wills, it has been held that, where a stranger, charged with the exercise of undue influence, having no claims from relationship, derives a considerable benefit under the will, evidence of direct influence used at its making is not required. *Boyd* v. *Boyd*, 66 Penn. St. 283. It is often difficult

to show by direct proof the undue influence, and direct evidence of the actual exercise of such influence can hardly be expected. Oftentimes the means of keeping the influence out of sight are many and easy of application, and yet the result may be clearly apparent. *Delafield* v. *Parish*, 25 N. Y. 9, 96. The fact of the influence exerted is more often gathered from all the circumstances surrounding the donor, — his health, age, and mental condition, how far he was dependent upon and subject to the control of the person benefited, the opportunity which the donee had to exercise his influence, and the disposition of the donor to be subject to it. In addition, the fact of influence by the donee over the donor having been established, it is not necessary to show by absolute evidence that this was exerted by the donee at the time the gift was made. *Sears* v. *Shafer, ubi supra.*

Undue influence must be exercised in relation to the gift made, and not as to other transactions, in order to invalidate a gift thus obtained. But if the jury find from the evidence that, at or about the time when the gift was made, the alleged donor was, in other important particulars, so under the influence of the person receiving the gift, that, as to them, he was not a free agent, but was acting under undue influence, the circumstances may be such as fairly to warrant the conclusion, from the absence of any evidence bearing directly upon acts done when the alleged gift was actually made, that, in relation to that also, the same undue influence was exerted. *Boyse* v. *Rossborough*, 6 H. L. Cas. 2.

The defendant contends that the instructions are in conflict with the rule laid down in *Shailer* v. *Bumstead*, 99 Mass. 112, wherein it is stated that two points must be sustained to establish undue influence; first, the fact of the influence exercised ; secondly, that the influence was effectual in producing the alleged result. The bill of exceptions shows that the court gave full instructions to the jury upon all the issues in the case. If any instructions pertinent to the trial were omitted, the defendant cannot now complain, as he did not ask to have them given. Those given were not in conflict with the law of the case referred to.

The last part of the instructions given left " the whole matter " for the determination of the jury, with the general burden

on the plaintiff, "taking all the evidence, natural presumptions, and inferences together, to establish the proposition of undue influence." The defendant contends that, by the words "natural presumptions," the court must have referred to the previous ruling, "and have given the jury to understand that, on the bare facts therein specified, if there were no other evidence on this point, the jury would not only be warranted in finding, but ought to find, undue influence." We think that this interpretation is strained, and that the effect of the words as claimed by the defendant is not authorized. A natural presumption in the case was, that the donor would give the bulk of her property to her needy relatives rather than to a stranger, and this is probably what the court referred to in using these words. The jury were to consider in this, as in all other cases, natural presumptions, whatever they might be. We are all governed by such presumptions in determining questions of fact, and there was no error in calling the attention of the jury to the subject in the way and manner pointed out in the instructions. We think that all the instructions, taken together, were cautious and accurate, sufficiently favorable to the defendant and well adapted to the facts developed at the trial.

3. The evidence that the intestate's sister had living with her a son, who was partially blind at the date of the alleged gift, and that the intestate then knew it, was properly admitted. It was offered after the testimony of Jemima Hall had been introduced, that she had a conversation with the donor in 1881, which disclosed the donor's state of mind at that time towards her sister Eliza because of the condition of her son. We also think that it was admissible as bearing upon the unreasonableness and injustice of the gift to the defendant, and whether, under all the circumstances, it was reasonably consistent with the natural impulses of the human heart. *Howe* v. *Howe, ubi supra. Whitney* v. *Twombly*, 136 Mass. 145. *Patterson* v. *Patterson*, 6 S. & R. 55.                                   *Exceptions overruled.*

*W. D. Northend & C. G. Saunders*, for the defendant.
*E. T. Burley*, for the plaintiff.