ANNIE JANE PRESCOTT v. LOUISA JOHNSON and Another.[1]

January 8, 1904.

Nos. 13,757—(180).

**Gift.**

In the case of a gift from a parent to a child the court should carefully scrutinize the circumstances of the transaction, but the presumption is in favor of its validity, and, in order to set it aside on the ground of undue influence, the court must be satisfied that it was not the voluntary act of the donor.

**Undue Influence.**

Undue influence which will invalidate a gift must be something which destroys the free agency of the donor and substitutes therefor the will of another.

**Evidence.**

The evidence in this case sustains the findings of the court and jury to the effect that the gift here in question was obtained from the donor by the undue influence of the defendant, but it does not sustain the finding as to the amount of money included in the gift.

**Charge to Jury.**

The trial court did not err in its rulings as to the admission of evidence nor in its instructions to the jury.

Action in the district court for St. Louis county by plaintiff, as special administratrix of the estate of Eva Kuntz, deceased, to recover from defendants $4,000 alleged to have been obtained from the deceased by defendant Louisa Johnson through undue influence. The case was tried before Cant, J., and certain issues, referred to in the opinion, were submitted to a jury. The court found in favor of plaintiff for $1,814.50 and interest. From an order denying a motion for a new trial, defendant Louisa Johnson appealed. Affirmed on conditions.

[1] Reported in 97 N. W. 891.

91 M.—18

*H. B. Fryberger,* for appellant.

*Roger S. Powell,* for respondent.

START, C. J.

On January 29, 1903, Mrs. Eva Kuntz, a widow seventy-seven years old, died at Duluth, leaving as her heirs at law two daughters, the plaintiff, Mrs. Prescott, and Mrs. Johnson, hereafter designated as the defendant, at whose home she died, and several grandchildren. Until four hours before her death Mrs. Kuntz was the owner of two bank certificates of deposit of the aggregate value of $1,700 and a sum of money, which she then handed to the defendant, who claims that her mother gave them to her. This action was brought by Mrs. Prescott, as special administratrix of the estate of the mother, to recover the certificates and money as the property of the estate on the ground that the alleged gift was obtained by undue influence on the part of the donee.

The jury, in response to special questions submitted to them, found that just prior to the making of the alleged gift Mrs. Kuntz was possessed of property of the value of $1,814.50, consisting of the two certificates and cash $114.50, and that she was induced by the undue influence of the defendant to make a gift of all of her property to the defendant. The other issues were tried by the court, and findings of fact made, of which the special facts found by the jury were made a part. As a conclusion of law, judgment was directed against the defendant for $1,814.50 and interest, and for other relief. The defendant appealed from an order denying her motion for a new trial.

The defendant here contends that the finding of the jury to the effect that the gift was obtained by the undue influence of the defendant, and that the amount thereof was $1,814.50, is not sustained by the evidence. Freedom of will on the part of a donor is essential to the validity of a gift. In the case of a gift from a parent to a child or child to parent the court should carefully scrutinize the circumstances of the transaction, but the presumption is in favor of its validity, and, in order to set it aside on the ground of undue influence, the court must be satisfied that it was not the voluntary act of the donor. Towson v. Moore, 173 U. S. 17, 19 Sup. Ct. 332. Undue influence which will invalidate a gift must be something which destroys the free agency of the donor and substitutes therefor the will of another. What constitutes such undue

influence cannot be precisely defined, and each case must be determined upon a consideration of its special facts. The means employed and the extent of the influence are immaterial if their effect be to destroy the free agency of the donor. The ultimate fact of undue influence may, and in many cases can only, be established by circumstantial evidence. In re Nelson, 39 Minn. 205, 39 N. W. 143; Mitchell v. Mitchell, 43 Minn. 73, 44 N. W. 885; Graham v. Burch, 44 Minn. 33, 46 N. W. 148; In re Hess, 48 Minn. 504, 51 N. W. 614.

We have examined the record in this case in the light of these general rules, and have reached the conclusion that the evidence is sufficient to sustain the finding of the jury that the gift was the result of the undue influence of the defendant over the donor. The evidence to support such finding is largely circumstantial—such as the time, place, and the conditions under which the gift was made; the parrot-like manner of making it; its substantial repetition or confirmation on the arrival of the family physician; the character of the gift, it being the donor's entire property; the conduct of the donee before, at, and after the time of making the gift; the affectionate relations existing between the donor and her children and grandchildren, the natural objects of her bounty; and the confidential, and in a measure, dependent, relation sustained by the donor to the donee. None of these circumstances, taken singly, would be sufficient to justify the conclusion that the gift was the result of undue influence, but when they are considered together in connection with the whole evidence they justify the verdict of the jury as to undue influence, and we so hold.

The finding, however, as to the amount of cash included in the gift is not justified by the evidence. The defendant testified that it was $5, and no more. Other than this there is no satisfactory evidence that the gift included any money. The evidence relied upon by the plaintiff in this particular is to the effect that during the seven months next before the making of the gift the donor received certain sums of money aggregating $252, and that her known expenditures during that time were $95. But the amount of her disbursements in fact, or what became of the money, is so largely a matter of conjecture, that we must hold that the finding in this respect is unsupported by the evidence.

The defendant also assigns as error the ruling of the court in the admission of the testimony of the plaintiff as to a conversation between the plaintiff, the defendant, and their mother, in which they all took part. We need not stop to determine whether the ruling was technically correct or not (see Carlton v. Hulett, 49 Minn. 308, 319, 51 N. W. 1053); for, if it were error, it clearly was not prejudicial.

The last alleged error to be considered is that the trial court erred in instructing the jury that:

> "Remember, gentlemen, as I have already indicated, that, while the amount involved here is neither great nor very small, that it is a case which involves careful discrimination. The rights of both of these parties—of all parties interested in the result of this litigation—is for the present in your hands, and it is always important, when men are selected to determine questions of fact which involve the property rights or liberties of their fellow citizens, that the utmost care shall be taken, and *sometimes, in cases of such a nature as this, that a finer judgment and keener intelligence must be used. This is a case, I think, where the higher qualities are involved—high qualifications are involved.*"

The assignment of error relates to the part of this instruction which we have italicized. The instruction, taken as a whole, was not erroneous nor prejudicial.

The only reversible error we discover in the record is that the finding as to the amount of money included in the gift was excessive by $109.50. It is therefore ordered that a new trial be granted herein, unless the plaintiff, within fifteen days after the remittitur is filed in the district court, files her consent, signed by her or her attorney, that the amount for which judgment was ordered may be reduced to $1,705 and interest, in which case judgment may be entered on the findings as so reduced; otherwise the order for a new trial to become absolute.