Belknap, }
Dec. 5, 1905. }

### EDGERLY, *Ex'r*, *v.* EDGERLY *& a.*, *Ap'ts.*

The burden is upon the proponent of a will to show that it was not procured by undue influence; and if there is evidence tending to prove that it was so procured, and other evidence sustaining the validity of the instrument, the issue should be submitted to the jury.

Evidence that a woman of advanced age and impaired mind was taken to the office of a scrivener by a confidential adviser upon whom she was dependent in matters of business, and in the latter's presence executed a will giving him substantially all her property, warrants a finding that her action was procured through undue influence.

APPEAL, from a probate decree allowing the will of Mary F. Calef. Trial by jury. The issues were undue influence and insanity. Upon the first issue a verdict was ordered for the plaintiff, subject to exception. Upon the second issue the jury disagreed. Transferred from the November term, 1903, of the superior court by *Peaslee*, J.

The parties are nephews and heirs-at-law of the testatrix. There was evidence that she was equally fond of them and had expressed an intention of dying intestate. The will gives substantially all her property to the plaintiff, who lived in the same town with the testatrix and managed all her business for a number of years. At the date of the will the testatrix was old and in feeble health. Her mind was impaired to such an extent that she was not likely to form new ideas, but could be easily influenced to accede to the wishes of others. There was evidence that she was afflicted with senile dementia, a disease which produces failure of perception, memory, reason, and judgment. While she was in this condition, the plaintiff carried her to a scrivener, and the will was executed. The plaintiff remained at the scrivener's office during all the time required for drawing and executing the will, except that he went out for the purpose of procuring witnesses.

*Jewell, Owen & Veazey* and *Samuel C. Eastman*, for the plaintiff.

*William H. Sawyer, John H. Albin*, and *Shannon & Tilton*, for the defendants.

YOUNG, J. The question to be considered is not whether it is more probable than otherwise that Mrs. Calef's will was procured by undue influence, but whether the evidence has any tendency to

prove that it was so procured. The burden was on the plaintiff to show that it was not. *Patten* v. *Cilley*, 67 N. H. 520; *Whitman* v. *Morey*, 63 N. H. 448; *Hardy* v. *Merrill*, 56 N. H. 227; *Boardman* v. *Woodman*, 47 N. H. 120; *Judge of Probate* v. *Stone*, 44 N. H. 593; *Perkins* v. *Perkins*, 39 N. H. 163. Since this burden was on him, the mere absence of evidence would not authorize the court to order a verdict in his favor. Absence of all evidence tending to prove how the will was procured would be as fatal to his cause as the most conclusive proof that it was produced by undue influence. *Jaques* v. *Chandler*, ante, p. 376. In other words, unless there was evidence tending to sustain the validity of the will, a verdict should have been directed for the defendants. ·

If there is usually a presumption in favor of the validity of a will when it appears that it was executed with all the formalities required by law and that the testator was twenty-one years old and of sound mind, it is a presumption of fact and not of law, and does not arise when the will is executed under circumstances which might be found to exist in this case. If there was evidence tending to sustain the validity of the will, and also evidence tending to prove that it was procured by undue influence, that issue should have been submitted to the jury. If there was any evidence to sustain that issue, whether such an inference should be drawn from it was a question of fact. The fact that an inference unfavorable to the validity of a will, which may be drawn when it appears that a person who was dependent upon or subject to the control of another (*Woodbury* v. *Woodbury*, 141 Mass. 329) makes a will in that other's favor, may be rebutted by showing that the transaction was fair and honest, does not change the question of whether or not it has been rebutted from one of fact to one of law. Whenever facts that would sustain the will are put in evidence, together with other facts from which an inference unfavorable to its validity may be drawn, the question of whether the unfavorable inference should be drawn, and if so whether it has been rebutted, are both questions of fact, for they are the same questions which arise on every motion to set aside a verdict as against the weight of the evidence; and in this state the questions arising on such a motion are questions of fact. *Prior* v. *Fuller*, post; *Willard* v. *Sullivan*, 69 N. H. 491; *Perkins* v. *Roberge*, 69 N. H. 171. Therefore, the sole legal question raised by the defendants' exception is whether there was any evidence from which an inference unfavorable to the validity of the will could be drawn.

Experience has shown that in the great majority of cases transactions are not fair and honest in which a person procures a gift from one who is dependent upon him or in some way under his control. Consequently, whenever it appears that the donor was

dependent upon or under the control of the donee, and that the latter took an active part in procuring the gift, it may be inferred that the gift was procured by undue influence. In this case, it could be found that at the time the will was made the plaintiff was the confidential adviser of the testatrix in respect to all her business affairs, and that she was dependent upon him and subject to his control in respect to such matters; that her condition, physical and mental, was such that she was hardly capable of forming new ideas, but could be easily influenced to do as he wished; that she had formed an intention of dying intestate, but that he, anxious to have her make a will in his favor and knowing her condition, took her to a scrivener and remained with her while she executed a will giving him substantially all her property. Although there is a difference of opinion as to whether the inference which may be drawn from these facts is one of fact or law, all courts agree that an inference unfavorable to the validity of the will may be drawn from them; in other words, all courts hold that they have a tendency to prove that the will was procured by undue influence. *Burnham* v. *Heselton*, 82 Me. 495; *Patten* v. *Cilley*, 67 N. H. 520, 528; *In re Barney*, 70 Vt. 352: *Woodbury* v. *Woodbury*, 141 Mass. 329; *Drake's Appeal*, 45 Conn. 9; *Turner's Appeal*, 72 Conn. 305; *In re Smith's Will*, 95 N. Y. 516; *Gilham's Case*, 64 N. J. Eq. 715; *Herster* v. *Herster*, 122 Pa. St. 239; *Walton's Estate*, 194 Pa. St. 528; *Henry* v. *Hall*, 106 Ala. 84,—54 Am. St. Rep. 22; *Wells* v. *Houston*, 23 Tex. Civ. App. 629; *McParland* v. *Larkin*, 155 Ill. 84; *Maynard* v. *Vinton*, 59 Mich. 139; *Severance* v. *Severance*, 90 Mich. 417; *Ross* v. *Conway*, 92 Cal. 632; *Bingham* v. *Salene*, 15 Or. 208,—3 Am. St. Rep. 152.

This case is essentially different from *Page* v. *Bilbruck*, 69 N. H. 664, on which the plaintiff relies. In that case there was no evidence that the beneficiaries were present when the codicil was made, so there was no direct evidence that they induced the testator to make it; but in this case it could be found it was the plaintiff, and not the testatrix, who made the will. *Tyler* v. *Gardiner*, 35 N. Y. 559, 589; *Delafield* v. *Parish*, 25 N. Y. 9, 35, 92.

*Exception sustained.*

WALKER, J., did not sit: the others concurred.