.O. K. NAESETH v. SEVERT S. HOMMEDAL.[1]

November 26, 1909.

Nos. 16,289—(84).

**Deed — Undue Influence — Evidence.**

> Action to set aside a deed executed by the defendant's mother to him upon the ground that she was incompetent to make it and that its execution was secured by his undue influence. *Held*, that the finding of the trial court that the execution of the deed was so obtained is sustained by the evidence.

Action in the district court for Goodhue county by the guardian of Ingeborg Hommedal, an incompetent person, to cancel a deed, alleged to have been obtained through undue influence. After the death of the incompetent, her administrator was substituted in place of the guardian. The case was tried before Williston, J., who found in favor of plaintiff. Defendant's motion to amend the findings was denied. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Eckholdt & Eckholdt* and *P. S. Aslakson,* for appellant.
*Mohn & Mohn,* for respondent.

[1]Reported in 123 N. W. 287.

STERT, C. J.

On November 22, 1904, Ingeborg Hommedal was the owner of a farm containing one hundred acres, which was of the value of $6,500, and on that day she made a deed thereof to her son, the defendant herein. This action was brought by the guardian of her person and estate in the district court of the county of Goodhue to set aside the deed, upon the grounds that she was mentally incompetent to make the deed and that its execution was obtained by the fraud and undue influence of· the defendant. She died intestate pending the. action, and the administrator of her estate was substituted as plaintiff herein. The cause was tried by the court with-·out a jury, and findings of fact made, and as a conclusion of law therefrom judgment was ordered for the plaintiff, setting aside the deed. Thereupon the defendant moved the court to amend its findings of fact and conclusions of law, by striking out several material findings, substituting therefor those proposed by the defendant, and changing the conclusion of law accordingly. The motion was denied. A motion for a new trial was then made by the defendant, and the court made its order denying the motion, from which the defendant appealed.

The defendant's assignments of error are numerous, but in legal effect they present only two general questions for our consideration. Are the findings of fact which are necessary for the support of the trial court's conclusion of law justified by the evidence? Did the court make any reversible errors in its rulings as to the admission of evidence? If the facts found are supported by the evidence, then the defendant's motion to amend the findings was properly denied, no matter whether the reason assigned therefor was right or not; but, if they are not so sustained, then it was error to deny the defendant's motion for a new trial, and the order appealed from must be reversed.

The findings of fact here material are to the effect following: On November 22, 1904, Ingeborg Hommedal was the owner of the farm described in the complaint, which was then of the value of $6,500. She owned no other property, except some household goods and other personal property not exceeding $200 in value. She was then

a widow, seventy-nine years old, with only two children, the defendant and another son, Torbjorn S. Hommedal. She then was, and for a long time prior thereto had been, in feeble health, and by reason of her age and bodily infirmity her mind had become and was weakened. She was in such condition as to be easily influenced and deceived by those about her. She was unable to read, write, or understand the English language, and was to a large extent dependent upon the defendant in the management of herself and her property, all of which the defendant well knew. The defendant acted as her adviser, was apparently kind to her, had her confidence, and she relied upon him in her business and affairs, and a relation of confidence and trust existed between them. He was her agent, and she was dependent upon him. On the day named the defendant, by the exercise of undue influence over her, obtained from her a warranty deed to himself for which she received no consideration. She did not, by reason of her mental condition, understand the nature or effect of such transaction. She had no independent advice in the making of the deed, but was wholly dependent on the defendant. The deed recited that it was made in consideration of $4,000. It also reserved a life estate in the farm to the grantor, and provided that if she died within five years after the date thereof the defendant should pay her other son $1,000. Her average expectation of life, according to standard life tables, was then approximately 5.15 years; but the gift to her other son was upon the condition that she died within five years—that is, before the expiration of the limit of her expectation of life.

If, then, the defendant paid no consideration for the deed, it was, in effect, a gift to him of $6,500, the value of the farm, if she lived a day more than five years, or of $5,500 if she lived less than that time, and a gift of $1,000 to her other son upon the contingency named. If, however, the deed was her free and intelligent act, it must be sustained. The law applicable to this case is settled by the repeated decisions of this court. In the case of a gift from a parent to a child, the court will carefully scrutinize the circumstances of the transaction; but the presumption is in favor of its validity, and in order to set it aside on the ground of undue influence the court

must be satisfied that it was not the voluntary act of the donor. The means employed and the extent of the influence are immaterial, if their effect be to destroy the free agency of the donor. The ultimate fact of undue influence may be, and usually is, established by circumstantial evidence. Where confidential relations exist between parties, and one of them by the means of the relation secures from the other an inequitable advantage, equity will set aside the transaction. Ashton v. Thompson, 32 Minn. 25, 18 N. W. 918; Prescott v. Johnson, 91 Minn. 273, 97 N. W. 891; Fischer v. Sperl, 94 Minn. 421, 103 N. W. 502; Shevlin v. Shevlin, 96 Minn. 398, 105 N. W. 257.

Does the evidence, when tested by such rules, sustain the findings of fact? While the evidence in many material respects is conflicting, there is substantially no conflict as to the consideration for the deed, the relations of the parties thereto, and the circumstances under which it was executed. It appears from the defendant's own testimony that confidential relations existed between him and his mother at and for some time prior to the making of the deed; that she had confidence in him, was accustomed to ask his advice in all business matters, and to rely upon his advice; and, further, that the only consideration for the deed was his contingent promise to pay his brother $1,000 and his alleged vague promise to care for her. It also appears from his testimony that he had the deed prepared by a lawyer; but he did not take his mother with him, and she was not consulted as to its form or substance before it was prepared, and she had no opportunity to secure any independent advice as to the propriety of executing it; that he selected a notary public and a witness, and took them to his mother's house, where the deed was executed. The notary and witness were told by him not to say anything about the deed to any one, for the reason that he did not want his brother, who lived only half a mile away, to know about the deed, and it was kept a secret. His excuse for his conduct and the secrecy with which the deed was executed is that his mother so wanted it. It is from this viewpoint that all the evidence must be considered.

The evidence relevant to the questions of undue influence and of the mental competency of the grantor cannot be separated; for whether the execution of the deed was her voluntary and intelligent

act, or the will of another, depends very largely upon her then mental condition, as to which the evidence is voluminous and conflicting. It is not a question of preponderance of the evidence, but whether there is any substantial evidence fairly tending to support the findings of the trial court upon such questions. We have fully considered the evidence, and find it sufficient to support the findings of the trial court.

The defendant assigns some ten alleged errors as to the ruling of the trial court on the admission of evidence. It is not apparent on the face of the assignments of error that any reversible error was committed by the trial court, and, the defendant having failed to urge any of them in his brief, we decline to consider them. Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840.

Order affirmed.