Rockingham, }
April 1, 1919. }

### NORRIS B. PEVEAR & *a. v.* LYDIA M. T. PEVEAR.

BILL IN EQUITY, to cancel a deed. Trial by jury and verdict for the plaintiff. Two issues were submitted to the jury: (1) was the grantor of sound mind, and (2) was the deed procured by undue influence. Transferred by *Allen*, J., from the May term, 1918, of the superior court, on the defendant's exception to the denial of her motion for a directed verdict.

*Scammon & Gardner (Mr. Scammon orally)*, for the plaintiffs.

*Sleeper & Brown (Mr. Sleeper orally)*, for the defendant.

YOUNG, J. Two questions are raised by the defendant's exception, whether there is any evidence tending to prove (not whether it is more probable than otherwise) that (1) the grantor was of sound mind when he executed the deed in question; and (2) whether the deed was procured by undue influence. There was evidence that the defendant took the grantor to the scrivener, was present when

the deed was made and did most of the talking; if, therefore, there was any evidence from which it could be found that the grantor's mind was so far gone that he could not understand and appreciate the effect of what he did when he signed the deed, it could be found that it was procured by undue influence, or that it was the defendant's mind which dominated the making of the deed. *Edgerly* v. *Edgerly*, 73 N. H. 407. The question, therefore, whether the court erred, resolves itself into the question whether there is any evidence tending to prove that the grantor's mind was so far gone, at that time, that he was incapable of transacting ordinary business. The evidence relevant to that issue tended to prove that the grantor had been failing physically and mentally for several years, and that his mind was so far gone a month or more before the deed was made that he could not carry on connected conversation or comprehend what was said to him in respect to matters with which he had been perfectly familiar. In other words, the evidence warranted a finding that the grantor had so far lost his mind as to render him incapable of transacting any business; consequently there was evidence for the jury on both issues. *Dennett* v. *Dennett*, 44 N. H. 531, 537, 538.

*Exception overruled.*

All concurred.