# T. LIANDRE v. YE TAVERN, INCORPORATED, AND OTHERS.[1]

October 31, 1924.

No. 24,124.

**Lease invalidated by rescission for fraud.**

1. Where, in a lease of real property for the term of five years, it appears from the complaint that the lessee was induced to enter into the lease by reason of false representations made to her by stockholders and officers of the lessor, a corporation, for the purpose of defrauding the lessee, and the lease has been partly performed, and upon discovery of the fraud the lessee rescinded the lease, *held* that the rescission extinguished and wiped out the lease so that, in contemplation of law, it was as though it had never existed.

**Lessee may recover for fraud.**

2. Where the lessor in such a lease is a corporation and the fraudulent representations were made by stockholders and officers thereof and the lessee went into possession and paid a portion of the rental, as provided in the lease, *held* that the lessee, upon restoring, so far as possible, what she received, may recover from the persons so participating in the fraud what she parted with.

**Complaint good.**

3. *Held* that the complaint stated a cause of action against the individual defendants who were stockholders and officers in the defendant corporation.

Action in the district court for Hennepin county to recover $14,300 for fraudulent representations. The case was tried before Baldwin, J., who dismissed the action as to the individual defendants and discharged the jury. From an order denying his motion for a new trial as to the individual defendants, plaintiff appealed. Reversed and remanded.

*Thompson, Hessian & Fletcher* and *Carleton F. Boeke*, for appellant.
*George M. Bleecker* and *Louis Sachs*, for respondents.

[1]Reported in 200 N. W. 465.

QUINN, J.

Action to recover for fraud, alleged to have been practiced by the several named defendants upon plaintiff, in leasing certain property for restaurant purposes. During the trial an order was made, dismissing the action as to the individual defendants upon the ground that, as to them, the complaint did not state a cause of action. The trial was then postponed as to the defendant corporation, pending a decision upon this appeal. The appeal is from an order denying plaintiff's motion for a new trial as to the three individual defendants.

The individual defendants are stockholders and officers in the corporation. The corporation was lessee in possession of the property under a long-term lease. The defendants, all participating in the transaction, leased the property to the plaintiff for the term of 5 years from March 1, 1922, for restaurant purposes, under a written lease, signed by the defendant corporation, at a rental of $400 per month for the first year, and $500 per month for the balance of the term. Three thousand dollars was to be paid in advance and an additional three thousand on June 1, 1922. These payments were to be applied on the fifth year's rent. The lease provided that it should not be assigned without the written consent of the defendant Goldie.

There was a sheet attached to the lease, signed by Goldie and others, wherein it was provided that, for the purpose of enabling the plaintiff to take over and continue the restaurant business then conducted by the lessor, and as a further consideration for the rents and covenants running from the parties therein, known as the lessee, to the lessor, the lessor agrees to permit the lessee to use, for the term of the lease, all furniture, dishes, glassware, silverware, utensils and other equipment then used by the lessor in conducting the establishment.

Also attached to the lease was a guarantee bond, executed by each of the individual defendants, guaranteeing the performance of the lease on the part of the corporation and the refundment of all moneys which the plaintiff might pay in connection with the

lease, in case the lessor was unable to give possession as in the lease provided.

Is is alleged that the plaintiff was induced to enter into the lease by reason of the false representations made to her by each and all of the defendants; that each and all of such representations were false and untrue; that the defendants, and each of them, knew they were false and that they were made for the purpose of deceiving and defrauding the plaintiff. The allegations as to the representations are such as to state a case for fraud, and need not here be specified.

It is further alleged that the plaintiff, believing and relying upon such representations so made, entered into the lease and paid to the defendant corporation $3,000 in advance and two months' rent, amounting to $800, and expended $2,500 in improving the premises and in procuring furniture and utensils for use therein. The complaint contains further allegations to the effect that, immediately upon learning that said representations were false and untrue, as hereinbefore set forth, plaintiff rescinded said lease and refused to be bound thereby and demanded that the defendants, and each of them, pay her the damages that she had suffered by reason thereof, which defendants have failed to do; that plaintiff has been damaged by the unlawful acts of the defendants, and each and all of them, in the sum of $3,800 paid on account of the rent, and on account of further sums paid out in repairing and fixing up said premises before the fraud was discovered.

It was stipulated by counsel, in the court below, that plaintiff rescinded the lease in question prior to the institution of this action, and that the defendant instituted and maintained a default unlawful detainer action against the plaintiff for possession of the premises. Thereupon the court dismissed the action as to the individual defendants upon the ground that "it conclusively appears that the plaintiff rescinded prior to the commencement of this action, and that the complaint must therefore be construed as one for rescission and consequently a return of that with which she has parted.

Plaintiff, having rescinded the lease prior to the bringing of this action, the court held that plaintiff's only remedy was against the lessor to recover what she had parted with and, for this reason, the complaint failed to state a cause of action against the individual defendants. The case is like unto that of Defiel v. Rosenberg, 144 Minn. 166, 174 N. W. 838, in that, at the time of the discovery of the alleged fraud, the contract had been partly performed, the plaintiff had taken possession of the premises, made payments upon the rent to the amount of $3,800, and also expended a further amount in the way of repairs to the premises. When the plaintiff learned of the fraud, it became her duty to elect whether she would go on with the contract or stop short and sue for the loss she had already suffered. She pursued the latter course.

Speaking generally, the effect of a rescission, in a case like this, is to completely extinguish the contract, to wipe it out so that, in contemplation of law, it is as though it had never existed; that is, to end it for all purposes. In such a case, where the property has passed into possession of a party to the fraud, or to a party cognizant of the fraud, it may be reclaimed by the defrauded party. Snow v. Alley, 144 Mass. 546, 11 N. E. 764, 59 Am. Rep. 119. For instance, where a party to the fraud, either directly or otherwise, receives the benefits of his own wrongful acts, in such cases as this, the law requires him to restore what he received, or what he caused the injured party to lose, and the injured party may recover that with which he was induced to part, from those who participated in the iniquity. To such effect is the holding in the case of Tarara v. Novelty Elec. Mnfg. Co. 136 Minn. 216, at page 219, 161 N. W. 409.

In the case at bar the individuals were stockholders and officers in the corporation. They were the persons who carried on the negotiations with plaintiff. It was at their behest that the rental was paid to the corporation. The payments were largely for their benefit. The fraud, if such there was, was as certainly theirs, as it was that of the corporation, and the plaintiff may recover from them for the fraud.

Under this view of the case, we are of the opinion and hold that the complaint states a cause of action against the individual defendants and that the learned trial court was in error in dismissing the action as to them.

Reversed and remanded.