# ALICE CLAGGETT v. MAURICE A. CLAGGETT AND ANOTHER.[1]

March 3, 1939.

No. 31,884.

[1]Reported in 284 N. W. 363.

*Kief & Kief* and *Daly & Barnard*, for appellants.
*Fosnes & Rolloff*, for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal from a judgment for money and directing the cancellation of certain instruments. The case involved two actions consolidated for trial in district court; one was for the cancellation of instruments and an accounting; the other was in replevin.

George H. Claggett, a resident of Montevideo, died intestate on December 12, 1928. He was survived by his widow, Alice, plaintiff in this action, and by three sons, Ervin, Alfred, and Maurice, the latter being one of the defendants herein.

For several years prior to his death Claggett was engaged in the retail hardware business in Montevideo. After his death Maurice asserted the right to continue the business for the purpose of liquidation, claiming to be surviving partner of his deceased father. In this position he was supported by plaintiff and opposed by his brothers Ervin and Alfred. Resulting litigation determined that no partnership existed. This left a breach between the two factions of the family, the mother and Maurice on one side, and Ervin and Alfred on the other.

In October, 1929, Ervin instituted proceedings in the probate court to have plaintiff placed under guardianship. The petition was based on the claim that she was incompetent and under the influence of persons who would deprive her of her property (meaning Maurice and his wife, Edna, also a defendant in this action). A guardian was appointed but did not qualify, and some months later, on application, plaintiff was restored to capacity.

On January 7, 1930, plaintiff assigned and transferred to defendant Edna all her right, title, and interest in a note and mortgage in the sum of $2,400 executed by one Peter Brun and wife to plaintiff. On March 3 following, a written agreement was entered into between plaintiff and defendant Edna, by the terms of which plaintiff assigned and conveyed to Edna all her interest in the estate

of her deceased husband together with certain specified household goods, in consideration of which Edna agreed to provide a home for and to support plaintiff during the latter's lifetime. On the same day a quitclaim deed was executed by plaintiff wherein she conveyed to Edna all her interest in and to a hardware store and lot, an apartment building and lot, a timber lot and a homestead, all a part of her husband's estate. On May 28 of the same year Maurice executed a bill of sale whereby all his interest in and to any and all personal property belonging to him in the estate of his deceased father was conveyed to plaintiff. On June 2 following plaintiff executed and delivered a written instrument transferring this property to Edna.

On November 6, 1931, an agreement was entered into between the three sons, their wives, and plaintiff pertaining to a disposition of the estate of George H. Claggett. It described the assets of the estate and provided: That plaintiff and Maurice each have an undivided one-half interest in the apartment building; that Ervin have the timber lots and the hardware store and lot; that plaintiff have the cash in the possession of the administrator as shown by his final account, and Alfred's interest in the homestead; that Maurice have the notes, stock, and accounts receivable; that a note of Alfred due the estate be cancelled; and that certain claims against Maurice be considered settled. The necessary transfers were subsequently executed. On November 21, 1931, plaintiff executed a warranty deed conveying the remainder of her undivided one-half of the apartment building and lot to Maurice, reserving a life estate therein. On the following December 3 she executed a warranty deed whereby she conveyed to Maurice the interest in the homestead which she had obtained from Alfred. On January 27, 1932, a deed was filed with the register of deeds of Chippewa county wherein and whereby Peter Swenson and wife conveyed certain real estate known as the Swenson property or the Kolstad house to plaintiff for life and the remainder to Maurice in consideration of the recited sum of $2,000. On February 9, 1933, plaintiff conveyed by warranty deed to Maurice all her interest in the apartment building and the lot remaining after an estate for life in the

grantor. On the following December 27 a satisfaction of the Brun mortgage, dated November 8, 1933, and signed by Edna and Maurice, was filed for record.

In April, 1937, plaintiff instituted the actions here involved. The main question presented is: Are the findings of fact which are necessary to support the trial court's conclusions of law sustained by the evidence?

The findings material to a determination of the case are: That prior to the transfers herein referred to plaintiff was the owner of certain real and personal property, more specifically described therein; that an intimate, fiduciary relationship existed between plaintiff and defendants; that plaintiff (81 years at the time of trial) was inexperienced in business and that in all of the transactions she reposed confidence in and relied and acted upon the advice of defendants; that plaintiff, without exercising any independent judgment of her own, did whatever defendant Maurice A. Claggett told her to do; that she relied upon and believed what he told her; that she thought the advice was given for her benefit and without any selfish motive; that defendant Maurice obtained such a dominating influence over plaintiff that he made her believe that if a guardian was appointed she would never thereafter receive any benefit or income from her holdings; that all of the transfers involved were made at the suggestion and advice of defendants for their own selfish ends and with the belief on plaintiff's part that the transfers were made for her sole use and for the purpose of protecting her properties from passing into the hands of a guardian; that the plaintiff never realized the full significance, import, or legal effect of the documents she signed; that she never intended to part with her ownership or control over said properties.

The findings are specific as to the various transactions involved and embody the additional finding that they were all procured through the fraudulent representations of defendants and that plaintiff was induced by defendants to make all of said conveyances and transfers without any adequate consideration and without knowing that she was separating herself from the ownership of and title to said property.

Upon the essential findings referred to, the trial court ordered a cancellation of the various instruments and a money judgment for the amount received and unaccounted for by defendants by way of rentals, loans, and other advancements.

This court has by repeated decisions settled the law applicable to the case. Where confidential relations exist between parties and one of them by means of the relation secures from the other an inequitable advantage, equity will set aside the transaction. Ashton v. Thompson, 32 Minn. 25, 18 N. W. 918; Prescott v. Johnson, 91 Minn. 273, 97 N. W. 891; Fischer v. Sperl, 94 Minn. 421, 103 N. W. 502; Shevlin v. Shevlin, 96 Minn. 398, 105 N. W. 257; Naeseth v. Hommedal, 109 Minn. 153, 123 N. W. 287. The court will scrutinize carefully the circumstances connected with a gift from a parent to a child. The presumption is in favor of its validity. In order to set it aside on the ground of undue influence the court must be satisfied that it was not the voluntary act of the donor. Naeseth v. Hommedal, 109 Minn. 153, 123 N. W. 287.

This close scrutiny need not be confined to cases where the recipient of the property is a child. It has been applied where the relation was that of an adopted son, Davis v. Dean, 66 Wis. 100, 26 N. W. 737; a brother, Gillespie v. Holland, 40 Ark. 28, 48 Am. R. 1; a physician, Cadwallader v. West, 48 Mo. 483; Woodbury v. Woodbury, 141 Mass. 329, 5 N. E. 275, 55 Am. R. 479; and an uncle, Hall v. Perkins, 3 Wend. (N. Y.) 626. It would appear that the rule should apply for the same reason to transfers to the wife of a son with whom the grantor was in a confidential relation. See also Merchants T. & S. Bank v. Schudel, 141 Minn. 250, 169 N. W. 795.

The fact of undue influence having been established, it should be deemed to void the conveyance not merely as to the grantee who has procured it by such means but also, in the absence of valuable consideration paid, as to innocent grantees not chargeable with such fault. Graham v. Burch, 44 Minn. 33, 46 N. W. 148; (see generally note, 96 A. L. R. 613).

It appears from defendants' testimony, as it clearly does from the plaintiff's, that a confidential relationship existed between the parties to this action. Without consideration other than a promise

on the part of defendant's wife to support plaintiff during her lifetime, plaintiff conveyed a substantial amount of property, real and personal, to her daughter-in-law. There appears to be no dispute or controversy in the case as to the transfers. While defendants claim payment of a greater consideration than found by the court, nevertheless the record is such as to justify a finding that very little was paid. While there is testimony to support defendants in their contentions that disinterested persons explained to the mother the nature of the transactions, we are nevertheless confronted with the situation that she was a woman of little business experience and well advanced in years, being past 70 when the transfers were made, and that the net result of the transactions was that for no valid reason she divested herself of her property in favor of defendants. One cannot review the testimony without reaching the conclusion that there was overreaching on the part of defendants. It matters little whether this overreaching was accomplished by inciting her against the brothers or by other methods; the result is the same.

We conclude that the evidence is sufficient to support the findings of the trial court. Having found fraud, the court properly set aside the instruments executed because of it and properly adjudicated the rights of the parties resulting from an annulment of the instruments. Newell v. Randall, 32 Minn. 171, 19 N. W. 972, 50 Am. R. 562; C. Aultman & Co. v. Olson, 34 Minn. 450, 26 N. W. 451; Liandre v. Ye Tavern, Inc. 160 Minn. 424, 200 N. W. 465; Tarara v. Novelty Elec. Mfg. Co. 136 Minn. 216, 161 N. W. 409; Baart v. Martin, 99 Minn. 197, 108 N. W. 945, 116 A. S. R. 394.

We have considered the other assignments of error and conclude that there was no error prejudicial to the defendants.

The judgment appealed from is affirmed.