EDWARD P. DALEY, & a., Ap'ts v. JUDGE OF PROBATE.

*William H. Sleeper* and *James M. Jackson* (*Mr. Jackson* orally), for the executrix.

*Samuel A. Margolis* and *Daniel J. O'Connell* (of Massachusetts), (*Mr. Margolis* orally), for the contestants.

WOODBURY, J. The case is wrongly entitled. The Judge of Probate is not a party to proceedings of this sort. This appeal should be in the name of the executrix against the decedent's heirs. *Judge of Probate* v. *Daly*, 88 N. H. 477.

The executrix, upon whom rested the burden of establishing by a preponderance of the evidence that the instrument which she offered for probate was a valid will (*Albee* v. *Osgood*, 79 N. H. 89; *Bartlett* v. *McKay*, 80 N. H. 574; *Gaffney* v. *Coffey*, 81 N. H. 300), opened the trial by calling to the stand or accounting for the absence of the three persons whose names appeared as witnesses to the document. This order of procedure is in accordance with the approved practice in this state. *Whitman* v. *Morey*, 63 N. H. 448, 455; *Patten* v. *Cilley*, 67 N. H. 520, 527, 528, and cases cited.

She submitted evidence that Dennis McDonough, one of the witnesses, was dead, and she then introduced evidence to prove the authenticity of his signature. This proof, coupled with the appearance of the instrument as having been executed with the formalities required by law, is competent to be submitted to the jury on the issue of the due execution of the will. *Perkins* v. *Perkins*, 39 N. H. 163, 169; 3 Wig. Ev., (2d *ed.*) s. 1511. The executrix then called the two surviving witnesses to the stand.

The first of these, after stating that the testator signed in the presence of all three witnesses and that each of them signed in his presence and in the presence of one another, testified that she had no memory at all as to the order in which the signatures were written. Her testimony is to a failure of memory, and as such it obviously has no tendency to prove that the testator did not sign first in accordance with the usual practice in such matters.

The second surviving witness testified "As I remember, as I remember Mr. McDonough signed it first." Upon objection by counsel for the contestants this answer was stricken from the record and the witness in response to a question regarding the time when the testator signed said: "Well, I couldn't say for sure, but it seems to me he signed it last." Later in her examination she admitted that when she signed she did not look to see if the testator had already affixed his signature, but said "As I remember, Mr. Daly signed last." Again she testified: "Well, I am really not very clear as to who did sign first," and finally, in response to the question: "Now do you know, do you actually remember whether Mr. Daly signed before or after the witnesses?" she replied "No, I don't." On cross-examination when she was asked: "Mr. Daly was the last one to sign the paper?" answered "I'm not quite clear." The testimony of this witness, if a little more favorable to the contention of the contestants than that of the former one, still is not in our opinion sufficiently substantial to require further proof by the executrix of due execution.

Since it is inadequate to satisfy the contestant's burden of going forward with the evidence (*Gaffney* v. *Coffey*, 81 N. H. 300, 306) the presumption of fact of regular execution subsists (*Edgerly* v. *Edgerly*, 73 N. H. 407) and from this it follows that the court below was correct in refusing to submit the issue of proper execution to the jury.

There being no legally competent evidence that the testator signed last, it is unnecessary for us to decide the question of whether or not under our statute (P. L., c. 297, s. 2) a will is properly executed when the signature of the testator is affixed after the witnesses have signed in attestation.

*Exception overruled.*

All concurred.

Strafford, Dec. 5, 1939. } No. 3123.