LOUIS H. MAXFIELD and another *vs.* MICHAEL SCHWARTZ and
another.

December 30, 1890.

**Defence to Contract Obtained by Fraud—Negligence of Party De-
frauded.**—When one of two contracting parties is fraudulently induced
to execute a written instrument upon the false representation that it ex-
presses the agreement which they had made, the party defrauded may de-
fend against the enforcement of the fraudulent instrument by the other
party, even though he may be chargeable with want of prudence in rely-
ing upon the false representations.

**Same—Defence to Suit by Beneficiary under Contract.**—This defence
may also be made when a third party, for whose benefit the contract was
made, seeks to enforce it.

Appeals by plaintiffs from an order of the district court for Scott
county, *Edson,* J., presiding, refusing a new trial after verdict for
defendants, in an action to recover $287.81, on the cause of action
considered in the opinion.

*Southworth & Coller,* for appellants.

*J. L. Macdonald,* for respondents.

DICKINSON, J.    This is an appeal by the plaintiffs from an order
overruling their demurrer to one of the defences as set forth in the
answer.    The plaintiffs, creditors of the partnership of Berens &
Nachtsheim, prosecute this action to recover from the defendants the
amount of their debt against that firm, basing their right of recovery
on a written instrument executed between Berens & Nachtsheim
and the defendants, by the terms of which the latter, in considera-
tion of the sale and delivery to them by that firm of all their prop-
erty, agreed to pay all their debts.    The right of the plaintiffs to re-
cover in this action was affirmed by our decision upon a former ap-
peal.    *Maxfield* v. *Schwartz,* 43 Minn. 221, (45 N. W. Rep. 429.)
While the answer is so drawn as to be subject to criticism, and while
the defence to which we are about to refer is obscured by allegations
of immaterial matter, we think that the pleading must be regarded as
alleging that the real agreement of the contracting parties was that,

in consideration of the transfer by Berens & Nachtsheim of all their property to the defendants, the latter should pay the debts of Berens & Nachtsheim to the extent of the proceeds of such property; but that Berens & Nachtsheim procured the defendants to execute the written instrument, upon which this action is brought, by falsely and fraudulently representing to them that it expressed the agreement which they had made, they believing such representations to be true. It is further alleged that the defendants are Germans by birth, and understood the English language so imperfectly that they were unable to read the written contract intelligently, or to understand its purport if it were read to them. If the facts were as stated, the execution of the written instrument by the defendants was procured by the fraud of the other contracting parties, and for that reason the defendants may resist a recovery upon it. They may deny that it is their contract, although of course, it being, as they admit, impossible to now rescind, they would be bound to perform the agreement actually made by them. This they allege they have done.

If Berens & Nachtsheim were seeking to enforce the written contract, a plea of fraud such as is here presented would constitute a defence, even though the defendants may have been wanting in ordinary prudence in relying upon the representations of the other contracting party as to the tenor or contents of the writing. They might still rely upon the defence that this was not their contract. *Aultman* v. *Olsen*, 34 Minn. 450, (26 N. W. Rep. 451;) *Frohreich* v. *Gammon*, 28 Minn. 476, (11 N. W. Rep. 88;) *Miller* v. *Sawbridge*, 29 Minn. 442, (13 N. W. Rep. 671;) *Albany Savings Institution* v. *Burdick*, 87 N. Y. 40; *Linington* v. *Strong*, 107 Ill. 295; *Gardner* v. *Trenary*, 65 Iowa, 646, (22 N. W. Rep. 912;) *Thoroughgood's Case*, 2 Coke, 9; *Stanley* v. *M'Gauran*, 11 L. R. Ir. 314; *Redgrave* v. *Hurd*, 20 Ch. D. 1, 13; Pollock, Cont. 401 *et seq.*, and cases cited; Bigelow, Fraud, 523–525. While in the ordinary business transactions of life men are expected to exercise reasonable prudence, and not to rely upon others, with whom they deal, to care for and protect their interests, this requirement is not to be carried so far that the law shall ignore or protect positive, intentional fraud successfully practised upon the simple-minded or unwary. As between the original parties, one who

has intentionally deceived the other to his prejudice is not to be heard to say, in defence of the charge of fraud, that the innocent party ought not to have trusted him. See authorities above cited. It is true that upon obvious grounds of policy and necessity written instruments executed by the parties for the purpose of expressing and showing the agreements entered into by them are not to be avoided, except by clear, strong, and satisfactory evidence. *McCall* v. *Bushnell*, 41 Minn. 37, (42 N. W. Rep. 545.) But this relates to the subject of proof, not of pleading, which is the question now before us.

These plaintiffs have no rights under this alleged contract, so far as appears, superior to those of Berens & Nachtsheim, the original contracting parties. They simply stand in the place of Berens & Nachtsheim, entitled to the benefits of their contract. If the contract sued upon was affected by any infirmity which would have constituted a defence to an action on it by Berens & Nachtsheim, the same defence may be made as against the plaintiffs. They do not stand in such a position that the doctrine of estoppel, or any rule of necessity under the commercial law, as might be the case in respect to negotiable paper, should bar the defence of fraud.

Order affirmed.