(Opinion published 52 N. W. Rep. 36.)

---

## JOHN N. BERG vs. HANS O. PETERSON.

Submitted on briefs April 5, 1892.  Decided May 3, 1892.

Handwriting—How Proved.—To render a witness competent to testify as to the genuineness of the signature of another, as one having personal acquaintance with his handwriting, it is not necessary that he should have seen the party write.  Such personal acquaintance may be acquired by having seen papers, purporting to be the handwriting of the party, and which he has acknowledged or acquiesced in as being genuine.

Appeal by defendant Hans O. Peterson from an order of the Municipal Court of the city of Minneapolis, *Mahoney, J.,* made March 2, 1892, denying his motion for a new trial.

Action upon a promissory note for $450, dated December 27, 1890, payable to the order of the plaintiff three months thereafter. The defendant by his answer denied that he made, executed, or delivered the note. The action was tried December 24, 1891. A jury was waived. The plaintiff called E. A. Kempe as a witness, and he was sworn and testified that he was paying teller of the Swedish American Bank, and as such had to pass upon the genuineness of the checks presented; that the defendant did business at the bank, drawing checks in his capacity as County Treasurer; that the witness knew his signature, and had examined the note in suit, and was of opinion that the signature to it was the genuine signature of the defendant. This opinion was given under objection by defendant that it was incompetent; that no proper foundation had been laid, or standard of comparison established. The court overruled the objection, and received the evidence. The defendant excepted to the rul-

ing.   Other witnesses testified in like manner, under the same objection and exception.

The defendant testified that he never signed the note; never saw it until March, 1891; that it was a forgery.   The court found that defendant made and delivered the . note, and ordered judgment for plaintiff for the amount of it, with interest and costs.   Defendant moved for a new trial, and, being refused, he appealed.

*Chas. G. Laybuorn*, for appellant.

It was error to permit the witnesses to testify as to the identity of handwriting, comparing it with a standard not produced, or conclusively shown or admitted to be the handwriting of the defendant. It is only by comparison of the signature with others admitted or proven to be genuine, and which are in evidence, that an expert is allowed to give an opinion.   1 Greenl. Ev. §§ 578, 581; *Depue* v. *Place,* 7 Pa. St. 428; *State* v. *Horn,* 43 Vt. 20; *Pavey* v. *Pavey,* 30 Ohio St. 600; *Bragg* v. *Colwell,* 19 Ohio St. 407; *Hicks* v. *Person,* 19 Ohio, 441; *Baker* v. *Haines,* 6 Whart. 284; *Van Sickle* v. *People,* 29 Mich. 61; *Com.* v. *Eastman,* 1 Cush. 189; *Hatch* v. *State,* 6 Tex. App. 384; *Eborn* v. *Zimpelman,* 47 Tex. 503.

To constitute a writing a test or standard, its genuineness must be shown by the person who saw the party write the paper, or by an admission of its genuineness.   *Cohen* v. *Teller,* 93 Pa. St. 123.

The testimony of these witnesses was that the writing looked like other writing purporting to be his, but this was not sufficient.

*Ueland & Holt,* for respondent.

One class of witnesses used on questions of handwriting are persons who are not familiar with the writing of the party in question, but who possess particular skill and experience, and are therefore called upon to assist the court or jury to make comparisons from other writing.   *Morrison* v. *Porter,* 35 Minn. 425.   The writing used for that purpose must first appear to be genuine, and must be produced if called for, and should properly be introduced in evidence. It is evident that counsel for appellant has considered plaintiff's witnesses to belong to this class.   In this he is mistaken.

The evidence introduced by plaintiff to prove defendant's handwriting belongs to an entirely different class; belongs to the class which is held competent because the witnesses have seen the party write. Seeing the party write but once is held to make a witness competent. 1 Greenl. Ev. § 577; 9 Amer. & Eng. Enc. Law, 269.

Knowledge acquired from written correspondence is uniformly held to qualify a witness, and the correspondence need not be produced.

MITCHELL, J. The issue on the trial of this cause was the genuineness of defendant's signature to the note in suit.

Aside from the admissions of the writer himself, the genuineness of a disputed handwriting may be proved by the testimony of two classes of witnesses: *First*, those who are personally acquainted with the handwriting of the person supposed to have written it; *second*, those who, although wholly unacquainted with the party's handwriting, are competent to testify, by a comparison by juxtaposition, of a writing proved or admitted to be the party's handwriting, with the writing disputed.

Most of the assignments of error proceed upon the erroneous assumption that the witnesses for the plaintiff were of the latter class. Of course, all evidence of handwriting, except where the witness saw the disputed document written, is, in a sense, in its nature comparison. It is the belief which a witness entertains upon comparing the writing in question with an exemplar in his mind derived from some previous knowledge. *Doe* v. *Suckermore*, 5 Adol. & E. 703–730.

But that is not what is meant in law by proof of handwriting by comparison.

There are two modes of acquiring personal knowledge of the handwriting of another, either of which is sufficient to enable a witness to testify to its genuineness.

One is from having seen him write. The other is from having seen letters or other documents "purporting to be the handwriting of the party, and having afterwards personally communicated with him respecting them, or acted upon them as his, the party having known or acquiesced in such acts, founded upon their supposed genuineness, or by such adoption of them into the ordinary business

transactions of life as induces a reasonable presumption of their being his own writings." 1 Greenl. Ev. § 577.

It is on this ground that clerks, cashiers, or other officers of banks at which a party has been accustomed to do business may be competent to prove his handwriting, although they may never have seen him write. *Murieta* v. *Wolfhagen*, 2 Car. & K. 744; *Snell* v. *Bray*, 56 Wis. 156, (14 N. W. Rep. 14;) 9 Amer. & Eng. Enc. Law, p. 269 *et seq.*

The witnesses for the plaintiff were all competent, as persons having personal acquaintance with defendant's handwriting, acquired from such or similar sources.

This disposes of all the assignments of error that are worthy of any special notice.

Order affirmed.

(Opinion published 52 N. W. Rep. 37.)