ALFRED SHRIMPTON & SONS, (Limited,) *vs.* F. W. PHILBRICK.

Argued by appellant, submitted on brief by respondent, May 25, 1893. Decided June 1, 1893.

**The Seller's Fraud is not Excused by the Buyer's Lack of Business Prudence.**

Where one of the parties to a written contract was induced to execute it by the intentional fraud of the other party, the defrauded party may defend against its enforcement, notwithstanding that he was lacking in · ordinary business prudence in executing it. Following former decisions.

**Verdict Justified by the Evidence.**

Evidence *held* sufficient to justify the verdict.

**Irrelevant Evidence not Prejudicial.**

*Held*, also, that there was no prejudicial error in admitting evidence of certain collateral facts, for the reason that, even if not relevant, substantially the same evidence had been already admitted without objection.

Appeal by plaintiff, Alfred Shrimpton & Sons, (Limited), a corporation, from an order of the District Court of Redwood County, B. F. *Webber*, J., made January 14, 1893, denying its motion for a new trial.

The defendant, F. W. Philbrick, on September 23, 1891, gave plaintiff's traveling salesman an order for two great gross papers of pins, 200 in a paper, at two and a fourth cents per paper, $77.76, and for two great gross papers, 360 in a paper, at three and three-fourths cents per paper, $129.60, payable in thirty days; one per cent. discount if paid in ten days. The pins were to be made at the factory at Redditch, England, and shipped to plaintiff's American Depot, 273 Church Street, New York, and from there to defendant at Redwood Falls. The goods were shipped from New York November 21, 1891. Defendant refused to receive them and on December 3, 1891, wrote plaintiff at New York that the order was for "four gross," not "great gross," and that if the printed word "great" in the order had not been erased, it was either an oversight or an intentional fraud on the part of plaintiff's agent.

The goods remained in the depot at Redwood Falls, and on March 7, 1892, plaintiff brought this action to recover the price, $207.36. The issues were tried November 11, 1892. Defendant had a verdict.

*L. G. Davis* and *J. A. Eckstein*, for appellant.

Defendant does not set up inability to read or write, nor lack of capacity as a business man. He does not even allege a lack of opportunity to read the order, or that the printing of the objectionable word "great" was in fine type. The only fraud alleged is that plaintiff's agent represented to him that he had written out the orders just as agreed. Such a showing constitutes no defense to the action. *Hazard* v. *Griswold*, 21 Fed. Rep. 178; *Taylor* v. *Fleckenstein*, 30 Fed. Rep. 99; *Seeright* v. *Fletcher*, 6 Blackf. 381; *Hawkins* v. *Hawkins*, 50 Cal. 558; *Maine Mutual Marine Ins. Co.* v. *Hodgkins*, 66 Me. 109; *Keller* v. *Orr*, 106 Ind. 406; *Fayette Co. Sav. Bank* v. *Steffes*, 54 Iowa, 214; *McCormack* v. *Molburg*, 43 Iowa, 561; *Gulliher* v. *Chicago, R. I. & P. Ry. Co.*, 59 Iowa, 416; *Wallace* v. *Chicago, St. P., M. & O. Ry. Co.*, 67 Iowa, 547; *Hill* v. *Syracuse, B. & N. Y. R. Co.*, 73 N. Y. 351; *Germania Fire Ins. Co.*

v. *Memphis & C. R. Co.*, 72 N. Y. 90; *Minneapolis & St. L. Ry. Co.* v. *Cox*, 76 Iowa, 306.

It is inexpedient, upon grounds of public policy, that a solemn instrument executed for the purpose of embodying and evidencing the agreement of the parties, should be set aside upon the ground of fraud, unless the proof be clear and strong. *McCall* v. *Bushnell*, 41 Minn. 37.

*M. M. Madigan*, for respondent.

MITCHELL, J. 1. This action was brought to recover the purchase price of certain merchandise, the principal item of which was four *great* gross of papers of pins, which plaintiffs claim defendant ordered, and which they shipped to him, but which he refused to accept, on the ground that he had ordered only four gross.

Defendant's written order read "four great gross," but he alleged that the actual contract, as orally agreed on between him and plaintiffs' agent, was for only four gross, but that the agent, who voluntarily assumed to reduce the contract to writing, with intent to cheat and defraud the defendant, wrote it for "four great gross," and then falsely represented to him that it was written in accordance with the actual agreement; and that, relying upon these false and fraudulent statements, the defendant signed the order without reading it, believing that it was for four gross, as they had agreed.

If the defendant established these allegations, it would be a good defense, notwithstanding that he might have been negligent in relying on the representations of plaintiffs' agent and in signing the order without reading it. *C. Aultman & Co.* v. *O'son*, 34 Minn. 450, (26 N. W. Rep. 451;) *Maxfield* v. *Schwartz*, 45 Minn. 150, (47 N. W. Rep. 448;) *Erickson* v. *Fisher*, 51 Minn. 300, (53 N. W. Rep. 638.)

Of course, as the court correctly instructed the jury, the mere fact that the defendant signed the order, without reading it, for a greater quantity of goods than he intended to purchase, would constitute no defense. The defense, if defense there was, consisted in the fraud practiced by the plaintiffs' agent in procuring the execution of a written contract different in terms from those in fact agreed on.

2. While, like the learned trial judge, we do not think that there was "an overwhelming preponderance of evidence in favor of the defendant," and while we recognize the danger in allowing the written contracts of parties to be set aside on oral testimony, yet, after examining the record, we think that the evidence fairly made a case for the jury, and that this court would not be warranted in disturbing the verdict.

3. Upon the trial the main issue was as to the actual agreement of the parties, and the circumstances under which the written order was executed. The transaction was had between defendant and plaintiffs' traveling salesman, at the store of the former. It appeared that defendant was a retail merchant in the village of Sleepy Eye, and presumably acquainted with the demands of his trade; also that plaintiffs' agent had been in their employment for some five years soliciting orders for this line of goods from the trade, and hence presumably acquainted with the usual size of orders given by country retail dealers. The agent had testified positively that all the negotiations leading up to the contract were expressly and minutely conducted with reference to "great gross;" that he gave defendant a price list, in which the prices were given by the great gross; that defendant figured on this list; that he offered defendant special prices in consideration of his taking four great gross; that defendant accepted this offer; and that, after the order was put in writing, it was read over by, and fully explained to, him before he signed it.

Defendant, on the other hand, had testified positively and explicitly that all the negotiations were with reference to so many gross, and that "great gross" was never mentioned or alluded to, and that, after asking his clerk whether they could stand $20 (the approximate cost of four gross) for pins, he agreed to take four gross; that the agent then drew up the order, and, upon his representation that it was exactly as they had agreed, the defendant signed it without reading it.

Under this state of the evidence, the defendant was allowed to testify without objection that any merchant doing his business would not sell four great gross of papers of pins in ten years. He further testified, but under plaintiffs' objection, that it would take him two or three years to sell four gross.

My own opinion, in which Justice COLLINS concurs, is that, under the circumstances, and in view of the sharp conflict of testimony, all this evidence was admissible, as having a natural and logical tendency to prove that defendant's statement was the more reasonable and probable; and that, under the situation of the case, it was not seriously subject to the evils at which the general rule against the admissibility of evidence of collateral facts is aimed.

The other justices are of the opinion that none of the evidence was relevant, but that, the first, and perhaps most cogent, part of it having been admitted without objection, there was no prejudicial error in admitting the last, which was, in effect, but a repetition of the first in another form.

Order affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 55 N. W. Rep. 551.)