### WILLIAM F. ROEBUCK and Another v. A. H. WICK.[1]

May 18 1906.

Nos. 14,721—(88).

**Sale—Fictitious Contract.**

That a traveling salesman falsely represented to the vendee of certain goods that he had made sales of similar articles to a competitor engaged in the same business, in the same place, as the vendee, in evidence of which he produced a fictitious contract of sale to such competitor, is an artifice used to cheat or deceive another, within the rule avoiding a contract of sale for fraudulent misrepresentations.

**Motion for Judgment.**

Upon a motion for judgment on the pleadings, made at trial, by plaintiff, the allegations of the answer will be liberally construed.

Action in the district court for Otter Tail county to recover $192 upon a written contract for goods sold and delivered. Upon the trial before Baxter, J., judgment was ordered for plaintiffs upon the pleadings. From a judgment entered pursuant to such order, defendant appealed. Reversed.

*E. E. Corliss,* for appellant.

*C. L. Hilton* and *Smith, Mead & Robertson,* for respondents.

JAGGARD, J.

The complaint sought to recover for jewelry sold and delivered by the plaintiff to the defendant in accordance with a written contract attached thereto. The answer set up two defenses, viz.: (1) That the plaintiff wilfully and falsely misrepresented, for the purpose of de-

[1]Reported in 107 N. W. 1054.

ceiving the defendant, that a competititor of the defendant in the grocery business, in the same place, had given plaintiff such an order as was solicited from the defendant, and that the plaintiff, with intent to induce the defendant to execute the agreement of purchase, showed the defendant a contract, a duplicate of said agreement, which purported to have been executed by his said competitor, then and there telling the defendant that his said competitor had executed it; and that the defendant signed the contract in reliance on the misrepresentations, which were false and untrue and were known to be false and untrue by the plaintiffs when they were made. (2) That the goods described in said agreement were received by the defendant

> And upon examination all of said goods were by the defendant found to be shoddy imitations of jewelry absolutely worthless; that at that time the defendant first learned that all of said statements so made by the plaintiff to induce him to execute said agreement were false; that the defendant immediately returned all of said goods to the plaintiffs and refused to accept them or any part of them and notified the plaintiffs of such return; that the plaintiffs had at the time of the commencement of this action in their possession, and have ever since had, all of said goods.

The reply controverted the new matter set up in the answer. When the case came on for trial, the court granted a motion by the plaintiffs for judgment in their favor against the defendant, upon the pleadings. From the judgment entered thereon, this appeal was taken.

1. The allegations of fraud set forth in the answer stated a good defense.

The trial court thought the production of the forged order by defendant's competitor was not sufficient to support an action for fraud. In his memorandum, he said: "While courts will go far to relieve parties in cases of fraud, they cannot insure them against the injurious consequences of all their foolish and ill-considered acts. An intelligent man like the defendant in this case is expected to protect himself from imposition, instead of offering himself as a willing sacrifice to fakirs and mountebanks." This general view is not without the semblance of sanction of the best judicial thought. In Burns v. Lane, 138 Mass.

350, Justice Holmes said: "The standard of good faith required in sales is somewhat low, not only out of allowance for the weakness of human nature, but because it is not desirable to interfere too much for the purpose of helping men in their voluntary transactions more' than they help themselves, and because, if they deem the representation essential, they can make it so by requiring a warranty."

It is, however, well settled that fraud may consist of any disposition or artifice used to circumvent, cheat, or deceive another. A false promise or misrepresentation of a material existing fact, known to be false or made recklessly without knowledge of its truth or falsity, and relied on as an inducement to conduct, constitutes fraud. 3 Current Law, 1520, § 1. Thus, that a traveling salesman falsely represented that he had made sales of similar articles to other firms is an artifice used to deceive, within the meaning of the rule. Wilson v. Pritchett, 99 Md. 583, 58 Atl. 360. And see Henkel v. Trubee (Conn.) 11 Atl. 722; Coles v. Kennedy, 81 Iowa, 360, 46 N. W. 1088, 25 Am. St. 503; Hubbard v. McLean, 115 Wis. 9, 90 N. W. 1077; McNaughton v. Smith, 136 Mich. 368, 99 N. W. 382. We are accordingly of opinion that the trial court erred in holding that the answer did not sufficiently allege a fraud capable of avoiding the contract.

2. The plaintiffs insist that the answer admitted delivery to defendant by the plaintiffs of the articles contracted for. As against a motion, made at the time of trial, the defendant's answer is to be liberally construed. Malone v. Minnesota Stone Co., 36 Minn. 325, 31 N. W. 170; McAllister v. Welker, 39 Minn. 535, 41 N. W. 107. As so construed, the answer sets forth that the plaintiffs delivered certain articles which purported to conform to the contract; that upon examination the defendant found they did not conform to the. contract, and therefore returned them to the plaintiffs, who have ever since retained them. It follows that according to the pleadings, the plaintiffs did not perform their contract and are not entitled to retain the goods returned and to recover their purchase price.

Judgment reversed.