# PROVIDENCE JEWELRY COMPANY v. W. A. CROWE.[1]

May 21, 1909.

Nos. 16,177—(76).

**Answer States Good Defense.**

A certain pleading construed, and *held* to state facts sufficient to constitute a defense.

[1]Reported in 121 N. W. 415.

Action in the district court for Lyon county to recover $340.35 for goods sold and delivered upon a written contract. The fourth defense set up in the answer is stated in the opinion. At the trial plaintiff objected to the introduction of any evidence under the fourth defense on the ground that it did not state facts sufficient to constitute a defense, which objection was sustained. The case was tried before Olsen, J., and a jury which returned a verdict in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Reversed and new trial granted.

*Gislason Bros.* and *Mathews & Lende,* for appellant.

*Patterson & Hall,* for respondent.


ELLIOTT, J.

In this action the Providence Jewelry Company sought to recover the purchase price of certain goods alleged to have been sold and delivered to W. A. Crowe. The plaintiff recovered a verdict, and the defendant appealed from an order denying his motion for a new trial.

The goods consisted of articles of jewelry described in a written contract, which was signed by the defendant. Several defenses were attempted to be stated in the answer; but the trial court excluded evidence offered to sustain what was designated as the fourth defense, and refused to permit the answer to be amended. As we have come to the conclusion that it was error to exclude this evidence, it is not necessary to consider the other questions raised on the appeal.

The question was whether the real contract between the parties was embodied in the written contract. The answer alleged the making of an oral agreement, the terms of which were fully set forth. It then attempted to allege that the defendant had been induced to sign the writing, which differed from the oral agreement in substantial and material respects, by the false and fraudulent representations of the plaintiff's agent. After stating the terms of the oral agreement, the answer alleged:

"That on the said 20th day of March, 1907, and immediately after said oral contract and agreement was entered into by and between the plaintiff, through its agent, and the defendant, the plaintiff,

by its agent, voluntarily assumed to reduce the said oral contract into writing; and that the plaintiff, through its said agent, with the intent to cheat and defraud this defendant, and for the purpose of inducing this defendant to sign said written instrument, pretended to reduce said oral contract to writing; and that said defendant, relying upon the honesty and integrity of said agent, and believing that the said agent had reduced the said oral contract to writing in the exact terms of said oral agreement, and not otherwise, was induced to sign the same; that the said agent, for the purpose of cheating and defrauding this defendant, made the aforesaid writing, which is a different contract and agreement than the one orally made by the plaintiff, through its said agent, and defendant, and which said written instrument does not contain any of the terms and conditions of said oral agreement; that the defendant, depending on the false and fraudulent statements of the said agent then and there made, did not read the said written instrument so reduced to writing, and believing and relying upon said written instrument containing the provisions and agreements of the oral contract aforesaid, and not otherwise, defendant signed the same without any consideration and without any knowledge on the part of said defendant of the contents or purport thereof; that under the belief on the part of said defendant that the said instrument so signed was the said oral contract hereinbefore mentioned, which belief was induced by said false and fraudulent representations of said plaintiff, through its agent, said defendant has never consented to enter into the contract or agreement set forth in said complaint."

The rule with reference to pleading a defense of this character is well settled and need not be restated. Riggs v. Thorpe, 67 Minn. 217, 69 N. W. 891; Roebuck v. Wick, 98 Minn. 130, 107 N. W. 1054; First Nat. Bank v. Person, 101 Minn. 33, 111 N. W. 730. The fact that the party was negligent in signing the paper is not conclusive against him. Alfred Shrimpton & Sons v. Philbrick, 53 Minn. 366, 55 N. W. 551.

The pleading contains the allegations which are necessary to constitute a defense. In substance it alleges the making of the oral contract and the terms thereof; that the agent (1) assumed (that is,

undertook) to reduce the oral contract to writing; (2) pretended (that is, held out as true) that he had done so, and that (a) the defendant believed that the oral contract had been reduced to writing, and in reliance on the statement and representation of the agent signed the writing; (b) that the writing did not, in fact, state any of the terms of the oral agreement, but was entirely different; and (c) that the defendant depended (that is, relied) on the false and fraudulent statement (that is, that the writing embodied the oral agreement), and signed the same without reading it.

The written contract was attached to the complaint and was introduced in evidence. The answer did not state specifically in what respects the writing differed from the oral contract; but it stated the oral contract in detail, and stated that the written contract did not state any of the terms of the oral contract, but was entirely different therefrom. The pleading was good under Alfred Shrimpton & Sons v. Philbrick, supra.

Order reversed and a new trial granted.