## PROVIDENCE JEWELRY COMPANY v. W. A. CROWE.[1]

### January 13, 1911.

### Nos. 16,823—(99).

**Sale — fraud in procurement of signature.**

Action to recover upon a written contract for goods sold and delivered. Defense, that the defendant's signature thereto was obtained by fraud. *Held* that, as between the original parties to a written instrument, a party whose signature thereto is obtained by fraud may avoid it, although he was lacking in ordinary business prudence in the premises; that the verdict for the defendant is sustained by the evidence; and that the trial judge did not abuse his discretion in denying a new trial on the ground of the misconduct of defendant's counsel.

After the former appeal, 108 Minn. 84 (121 N. W. 415) the case was tried in the district court for Lyon county before Olsen, J., who denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. Plaintiff's motion for judgment notwithstanding the verdict or for a new trial was denied. The misconduct of defendant's counsel alleged in plaintiff's motion,

[1] Reported in 129 N. W. 224.

113 M.—14.

and referred to at the end of the opinion, was in using these words to the jury: "We have had crooks and thieves coming through this country and working their profession. We have had these lightning rod agents working their game through this country, and now there is another kind working their game. Mr. Crowe is not in the habit to be dealing with fakirs. Whenever he tells a man something he can rely on it." From an order denying its motion for judgment or for a new trial, plaintiff appealed. Affirmed.

*Patterson & Hall,* for appellant.

*Gislason & Arntson* and *Mathews & Lende,* for respondent.

START, C. J.

Action in the district court of the county of Lyon to recover $340.35 upon an alleged written contract for jewelry sold and delivered. Verdict for the defendant. The plaintiff appealed from an order denying its blended motion for judgment or a new trial. This is the second appeal in the case. See 108 Minn. 84, 121 N. W. 415, to which reference is here made for a sufficient statement of the allegations of the answer so far as here material.

The trial court on the second trial submitted to the jury two alleged defenses: (1) Whether the contract was obtained by fraud; and (2) whether the goods delivered under the alleged contract were shoddy jewelry and worthless—that is, whether they were of the kind and quality called for by the contract. No objection to submitting both of these defenses was made, nor any exception taken to the charge of the court, either before the jury retired or on the motion for a new trial. No exception to the charge of the court was taken at any time. The plaintiff did, however, move for a directed verdict, at the close of the evidence, which was denied, and exception taken. This ruling is here assigned as error, and presents the only serious question for our consideration. If, then, the evidence was sufficient to sustain a finding by the jury, either that the contract was obtained by fraud, as alleged in the answer, or that the goods were not of the kind and quality ordered, the plaintiff's motions for a directed verdict, and for judgment notwithstanding the verdict, were correctly denied.

An examination of the record satisfies us that the evidence was sufficient to require the submission of the case to the jury. There was evidence tending to show that the written contract for the purchase of the goods was obtained from defendant by fraud of plaintiff's agent. It is true that the defendant was a business man, and could read, and that he signed the printed contract. The evidence, however, tends to show that the actual contract made by the parties was an oral one, whereby the plaintiff agreed to furnish the defendant, without cost to him, certain goods for advertising purposes, which were to be given by defendant to his customers as premiums; that after they had so agreed the defendant said he would accept the advertising proposition and sign the order; that thereupon the agent handed to him a printed instrument for his signature, and he signed it without reading it, or knowing whether it was in accordance with the oral contract. The instrument was not in fact an advertising proposition, but an elaborate and involved contract, containing an advertising plan, and also an order for the purchase of goods at the agreed price of $340.35. If the rights of third parties were here involved, the defendant's want of ordinary business prudence in signing the contract without reading it would present a serious obstacle to the maintenance of his defense.

However this may be, the fact remains that there are here no third or innocent parties. The presentation of the written contract by the plaintiff to the defendant for his signature was a representation that it was the same in effect as their oral contract as to the advertising scheme. The plaintiff knew that it was a false representation, for it had prepared the printed contract in advance. It is also apparent that the defendant relied upon this representation to his injury, and plaintiff cannot escape from the consequences of its fraud by asserting that the defendant ought not to have confided in its integrity; for as between the original parties to a written contract a party whose signature thereto is obtained by fraud may avoid it, although he was lacking in ordinary business prudence in the premises. Eggleston v. Advance Thresher Co., 96 Minn. 241, 104 N. W. 891; Providence Jewelry Co. v. Crowe, 108 Minn. 84, 121 N. W. 415.

We hold that the evidence was sufficient to sustain the verdict, and,

further, that the trial judge did not abuse his discretion in denying a motion for a new trial on the ground of alleged misconduct on the part of the defendant's counsel in his argument to the jury. We are not, however, to be understood as approving of the remarks of counsel.

Order affirmed.

JAGGARD, J., took no part.