## L. A. HUNTOON v. F. BRENDEMUEHL and Another.[1]

December 12, 1913.

Nos. 18,463—(125).

**Bailment.**

1. The evidence is examined and it is *held* sufficient to justify a finding of the jury that an agreement between the defendant and the predecessor in title of the plaintiff was an agreement of bailment, and not an agreement for the rental of storage space.

**Written contract — parol evidence admissible, when.**

2. Where there is a dispute whether a written agreement between the parties ever existed, and none is produced and none found, parol evidence of the contents of the alleged instrument, the proper foundation being laid, is admissible.

**Liability of bailee unaffected by chattel mortgage.**

3. After the bailment of property the bailor gave a note to the bailee in renewal of an old note, and secured it by a mortgage on the property bailed. The mortgage contained the usual printed clause to the effect that so long as the mortgagor performed the conditions of the mortgage he should remain in possession, and that in consideration thereof he agreed to keep the property in as good condition as it then was at his own cost and expense. It is *held* that such a provision in no way affects the liability of the mortgagee as bailee.

1 Reported in 144 N. W. 426.

**Action on note — counterclaim by bailor.**

4. After the bailment the bailee became bankrupt and a trustee was appointed. The evidence does not definitely show whether the loss of or damage to the bailed property was before or after the bailee's bankruptcy. It is *held* that in a suit on the note transferred by the trustee to the plaintiff the bailor can set off damages sustained through a breach of the contract of bailment, whether the damage occurred while the property was in the possession of the bailee or of his trustee in bankruptcy.

Action in the district court for Clay county to recover $179.90 upon a promissory note. The facts are stated in the opinion. The case was tried before Nye, J., who denied motions to return a directed verdict in favor of each party, and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for judgment notwithstanding the verdict, defendants appealed. Reversed.

*F. H. Peterson* and *Edwin Adams,* for appellants.
*Edgar E. Sharp,* for respondent.

DIBELL, C.

This action was brought to recover upon a promissory note made by the defendants to the plaintiff's assignor. The defendants sought to set off damages for a breach of a contract of bailment made by the predecessor in title of the plaintiff. The jury found for the defendants. The court, upon an alternative motion for judgment or for a new trial, granted judgment notwithstanding the verdict. The defendants appeal.

1. The defendants admitted liability upon the note, leaving for determination their right to set off damages arising from the breach of the contract of bailment.

In the fall of 1909 one Goodsell had a warehouse at Moorhead. The defendants claim that in November of that year he received from them in storage 1800 bushels of potatoes at a storage charge of five cents per bushel. The plaintiff claims that the agreement, if any at all was made, was nothing more than an agreement for the rental of storage space, and it did not contemplate that Goodsell should have charge of the potatoes and attend to their proper keeping as a ware-

houseman. The evidence, much in dispute, is such as to justify the finding which the jury made that Goodsell occupied the position of a warehouseman. The trial court correctly adopted this view.

2. There was a sharp conflict in the testimony as to whether there was ever a written contract of bailment, the defendant claiming there was and Goodsell claiming there was not. A written contract could not be found. The plaintiff urges that the existence of the instrument being in dispute the contents cannot be shown by parol. He relies upon Board of Education of Sauk Centre v. Moore, 17 Minn. 391, 403 (412), which adopts the statement in 1 Greenleaf, § 88, to the effect that "oral evidence cannot be substituted for any writing, the existence of which is disputed." In the sixteenth edition of this work, edited by Dean Wigmore, it is said that the phrase quoted is "an improper limitation, and should be omitted." It seems likely that the author intended to say no more than that the non-existence of the instrument must be shown, in other words, that the instrument must be produced or its nonproduction accounted for. So understood, the language of the author is unobjectionable. If it be understood to mean that, if there is a dispute as to whether an alleged written instrument ever existed, parol evidence cannot be offered of the contents, a foundation being laid, it is clearly wrong. No such working rule is possible. The trial court was right in its ruling in this connection.

3. A few days after the potatoes were put in storage a note was executed by the defendants to Goodsell in place of a former one and was secured by a mortgage upon the potatoes. The mortgage contained this printed provision:

"And as long as the conditions of this mortgage are fulfilled, the said mortgagor to remain in peaceful possession of said property, and in consideration thereof he agrees to keep said property in as good condition as it now is, at his own cost and expense."

The plaintiff contends that this provision is an agreement which releases the bailee from the liability of a warehouseman. We are unable to so construe it. The provision states the rights and liabilities of the parties mortgagor and mortgagee under the mortgage, but not their rights and liabilities under the contract of bailment.

4. Goodsell went into bankruptcy January 20, 1910. One Costain was appointed receiver and on February 9, 1910, was appointed trustee. Thereafter, at what time does not appear, but at a time which we may assume to be very considerably later, Costain as trustee sold the note to the plaintiff.

The defendants interposed a breach of the contract of bailment as a set-off and upon this ground prevailed, the breach consisting in the loss of some of the potatoes, and damage by freezing. The plaintiff now claims that there is nothing to show whether the damage done to the potatoes, or their loss, occurred prior to January 20, when Goodsell become a bankrupt, and that therefore there cannot be a set-off. There was no evidence upon which the jury could find the precise time when the damage was done or the loss occurred and the theory of the plaintiff and the trial court was that if the damage was not done prior to January 20 there could not be a set-off of damages.

Counsel cites section 68b of the Bankrupt Act, 30 St. 565,[1] which provides that a set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which is not provable against the estate. This, properly applied, is correct. However, Goodsell owned the warehouse, had a special property in the potatoes as bailee, and the ownership of the warehouse and the special property in the potatoes as bailee was at all times either in Goodsell or the trustee; and if the suit had been by the trustee against the defendant he could have successfully interposed a loss in the property bailed whether that loss was occasioned by the bankrupt or his trustee. That is the defense which he now interposes. The plaintiff is in no better position than the trustee from whom he got title to the note. The trustee, suing the bailor on a debt owing the bankrupt, might be met with a claim of damages for the breach of the contract of bailment, whether against the bankrupt bailee or against himself as trustee.

Order reversed with directions to enter judgment on the verdict.