# THE NATIONAL CASH REGISTER COMPANY v. L. J. MERRIGAN.[1]

## February 25, 1921.

### No. 22,084.

**Appeal from judgment non obstante.**

1. Where a party asks for judgment notwithstanding the verdict, but not for a new trial, the only question he may raise on appeal is whether the evidence is conclusive against the verdict. Objections to the pleadings or to the charge of the court will not be considered.

**Contract — deceived party may resist enforcement.**

2. A party induced to execute a written instrument upon the false representation that it expresses the real agreement between the parties, may resist its enforcement by the other party, even though he was negligent in signing it. No proof of damage is necessary.

**Fraud—reducing verbal agreement to writing.**

3. The evidence makes the question of fraud a question for the jury. Where, after a verbal agreement, one party undertakes to prepare the written contract, the presentation of the writing for signature is a representation that it is the same in effect as their oral contract.

[1]Reported in 181 N. W. 585.

Action transferred to the district court for Todd county to recover $775 on a promissory note. The case was tried before Roeser, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. Plaintiff's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Fred. W. Reed,* for appellant.

*F. C. McGivern,* for respondent.

HALLAM, J.

This is an action on a promissory note given for the price of a cash register. The defense is that defendant's signature to the note was procured by fraud. The jury found for defendant. Plaintiff moved for judgment notwithstanding the verdict, but not for a new trial. This motion was denied. From a judgment entered on the verdict plaintiff appealed.

1. Where a party asks, not for a new trial, but only for judgment notwithstanding the verdict, the only question he may raise on appeal from an order denying his motion is whether the evidence is conclusive against the verdict. If there is any competent evidence reasonably tending to sustain the verdict, judgment notwithstanding the verdict will not be ordered. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; N. W. Marble & Tile Co. v. Williams, 128 Minn. 514, 151 N. W. 419, L.R.A. 1915D, 1077. Objection that the cause of action was not well pleaded will not be considered. Bennett v. Great Northern Ry. Co. 115 Minn. 128, 131, 131 N. W. 1066; nor will objection to the court's charge to the jury. Helmer v. Shevlin-Mathieu Lumber Co. 129 Minn. 25, 151 N. W. 421.

2. The law is well settled that where a party is fraudulently induced to execute a written instrument upon the false representation that it expresses the agreement which they have made, he may defend against its enforcement by the other party, if the rights of third parties have not intervened, even though he may have acted negligently in signing his name. Maxfield v. Schwartz, 45 Minn. 150, 47 N. W. 448, 10 L.R.A. 606; Eggleston v. Advance Thresher Co. 96 Minn. 241, 104 N. W. 891.

No pleading or proof of damage is necessary. MacLaren v. Cochran, 44 Minn. 255, 46 N. W. 408; Ludowese v. Amidon, 124 Minn. 288, 292, 144 N. W. 965. Section 6015, G. S. 1913, did not change this rule. Hinkley v. Freick, 112 Minn. 239, 127 N. W. 940.

3. We think the evidence made a case for the jury, at least there was some competent evidence reasonably tending to sustain a verdict for the defendant. Defendant's evidence of fraud was substantially as follows: Defendant conducts a small grocery store at Staples, Minnesota. He testified that plaintiff's agent, Leffholm, came to his store while he was busy waiting on customers and negotiated for the sale of a cash register, that defendant told him he had a second hand machine in view, but finally agreed to give plaintiff an order for a new machine, reserving the right to cancel the order within ten days if he saw fit to do so. Thereupon Leffholm said he would draw up an order. He proceeded to write what defendant supposed was an order and handed it to defendant, saying: "You can sign this. This is the order and if anything in regard to the other machine turns up within ten days, you have the privilege of canceling it." Defendant did not read what was written, but relying on the statement of Leffholm, and believing that an order had been drawn in accordance with their agreement, signed as Leffholm requested. In fact he signed an order, absolute in form, and also a promissory note providing for 20 instalment payments, with a stipulation that default in payment of any instalment shall, at the option of the holder, render the unpaid balance immediately due.

The documents taken together are long. The note is long. In form it bears little resemblance to an ordinary promissory note. It more resembles an order. It contains matter not usual in a promissory note, such as a description of the register, the business of the signer, a "notice to agents," and a space for the agent to sign the name of the customer. Its form at least makes it easy for an agent to procure a signature from one who might be wary of signing a promissory note. Though defendant signed his name twice, once to the order and once to the note, it does not at all conclusively appear that he was not deceived.

The evidence is not direct to the point that Leffholm represented that he had drawn the order in accordance with the oral agreement, but from all that was said this might be inferred. The presentation of the writ-

ten documents to defendant for his signature was in itself a representation that they were the same in effect as their oral contract. Providence Jewelry Co. v. Crowe, 113 Minn. 209, 129 N. W. 224.

The contention made that defendant knew he was signing an order and that he was liable on the order if not on the note is not sustainable. His evidence is that he was deceived by the same representations into signing both the order and the note in the form in which they appear. Both must stand or fall together.

Judgment affirmed.