## J. FINKELSTEIN v. JULIUS HENSLIN AND ANOTHER.[1]

June 16, 1922.

No. 22,969.

**Fraudulent memorandum of sale—verdict sustained.**
    1. The evidence sustains a finding of the jury that the plaintiff agreed to pay the defendants $14 per ton for certain hay, and, if the market advanced, the amount of the advance at the time of delivery; that he wrote a memorandum, stating the price to be $14 per ton, without referring to an advance, and fraudulently represented to them that this memorandum embodied the agreement which they had made; and that they, relying upon his representation, signed it without reading.

**Negligent signer of fraudulent agreement may defend action on it.**
    2. One induced to execute a written agreement upon the false representation of the other contracting party that it expresses the actual agreement can defend against its enforcement though he was negligent in signing.

Action in the district court for Chippewa county to recover $875 for breach of contract to deliver hay. The case was tried before Daly, J., and a jury which returned a verdict in favor of defendants. From an order setting aside the verdict and granting plaintiff's motion for judgment for $425, notwithstanding the verdict, defendants appealed. Reversed.

*C. A. Fosnes* and *John C. Haave*, for appellants.
*N. Rivkin* and *H. Stanley Hanson*, for respondent.

[1]Reported in 188 N. W. 737.

DIBELL, J.

Action to recover damages for the failure to deliver hay sold by the defendants to the plaintiff. There was a verdict for the defendants. The court granted plaintiff's motion for judgment notwithstanding the verdict in the sum of $425, and interest. The defendants appeal.

1. On August 31, 1917, the plaintiff and the defendants signed the following memorandum:

"Aug. 31, 1917. We hereby sold our upland hay at the rate of $14.00 per ton, to be laid on Raymond Station track between the 10th and 30th of Sept., 1917. Amount of hay consists of between 100 and 125 ton. We hereby receive as a deposit of $50 the same day. We hereby sign our signature on said payment.

Julius Henslin,
· J. A. Finkelstein.                            Wm. Buckholz."

The defendants claim that the agreement was that they were to have $14 per ton for the hay, which they were then making, and if the market price was higher at the time of delivery they were to have the advance. The market price was $4.25 per ton higher at the time fixed for delivery, and they refused to deliver at $14; hence this suit for $425. Their further claim is that after the agreement was reached the plaintiff wrote the memorandum quoted and fraudulently stated to them that it contained the agreement made, and that they in reliance thereon signed it without reading. The testimony is in conflict. The jury chose to find that the real agreement was as the defendants claim, that the plaintiff fraudulently represented that the memorandum embodied it, and that they signed in reliance upon his representation. The jury's finding is final.

2. A party fraudulently induced to execute a written agreement upon the false and fraudulent representation that it expresses the agreement made can defend against its enforcement by the other contracting party though he was negligent in signing it. National Cash Register Co. v. Merrigan, 148 Minn. 270, 181 N. W. 585; Providence Jewelry Co. v. Crowe, 108 Minn. 84, 121 N. W. 415; Providence Jewelry Co. v. Crowe, 113 Minn. 209, 129 N. W. 224; Shrimpton v.

Philbrick, 53 Minn. 366, 55 N. W. 551. With the law so the case was for the jury and there should not have been judgment notwithstanding the verdict.

Order reversed.