## ELIZABETH JAMES v. MIKE WARTER.[1]

### July 6, 1923.

### No. 23,450.

**Handwriting of letter—verdict sustained.**

1. The court did not err in permitting the plaintiff and her husband, who had some familiarity with the handwriting of the defendant, to testify that a certain letter was in his handwriting; and the evidence sustains the jury's finding that it was.

[1]Reported in 194 N. W. 754.

**Punitive damages justified.**

   2. The letter was libelous per se. There was evidence, extrinsic and intrinsic, of actual malice. An award of punitive damages was justified.

**Reduced verdict not excessive.**

   3. The verdict, as reduced, is not excessive.

Action in the district court for Becker county to recover $10,000 for libel. The case was tried before Parsons, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,000. Defendant's motion for a new trial was denied in case plaintiff consented to a reduction of the verdict to $2,800. From the judgment entered after such consent had been filed, defendant appealed. Affirmed.

*Charles S. Marden* and *H. N. Jenson,* for appellant.

*M. J. Daly* and *J. J. Daly,* for respondent.

DIBELL, J.

Action to recover for a libel. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial and from the judgment.

1. In January, 1921, the plaintiff's son received through the mails at Bonner, Montana, an unsigned letter, libelous per se of the plaintiff. The defendant lived at Frazee, Minnesota. The postmark on the envelope indicated that it was mailed on a train running between Staples, a town in the same general locality, and Pembina.

The plaintiff and her husband testified that the letter and the address on the envelope enclosing it were in the handwriting of the defendant. The foundation of their knowledge is not strong. They had little familiarity with his writing, though they had seen it. It was not error to permit them to testify. Berg v. Peterson, 49 Minn. 420, 52 N. W. 37; Cochran v. Stein, 118 Minn. 323, 136 N. W. 1037, 41 L. R. A. (N. S.) 391.

The defendant, although in the community at the time of trial, was not a witness. His failure to testify is against him. The evidence sustains the verdict finding that he wrote and sent the letter.

2. There was evidence, both extrinsic and intrinsic, of actual malice.

The two families had lived on neighborly terms at Frazee. During a prolonged sickness in the James family Warter and his wife extended kindly aid. In the late fall of 1920 the plaintiff and her children went to Bonner. Her husband preceded his family by some months. There is testimony on the part of the plaintiff that in midsummer, 1920, while her husband was at Bonner and the plaintiff and her children were at Frazee, the defendant insulted her, and threatened to "get even" with her, when she rejected what she thought were his advances and refused to let him come to her home.

A libelous publication may bear intrinsic evidence of actual malice through the character of its contents. Hansen v. Hansen, 126 Minn. 426, 148 N. W. 457, L. R. A. 1915A, 104. Hardly could such a letter be written in the absence of actual malice prompting it. The trial court rightly permitted the jury to award punitive damages.

3. The verdict was for $5,000. It was conditionally reduced to $2,800. The plaintiff accepted the reduction. As reduced it is not excessive. Argall v. Sutor, 114 Minn. 371, 131 N. W. 466; Paton v. Great Northern Tel. Co. 141 Minn. 430, 170 N. W. 511; Sticha v. Benzick, 156 Minn. 52, 57, 94 N. W. 752; 2 Dunnell, Minn. Dig. §§ 5563, 5564.

We have examined all the assignments of error. We find no other questions calling for discussion. The newly discovered evidence does not call for a new trial.

Order and judgment affirmed.