# C. GOTZIAN & COMPANY v. STAN TRUSZINSKI.[1]

November, 19, 1926.

No. 25,635.

**Findings sustained by evidence.**

1. The evidence is sufficient to sustain the findings.

**Sufficient foundation to permit oral testimony of contents of letter.**

2. The evidence that the letter in controversy had been received from plaintiff and subsequently destroyed was sufficient to permit oral testimony of its contents.

**Statements of plaintiff's credit manager admissible as bearing on defendant's negligence in signing it.**

3. Statements as to the nature of the instrument he wanted signed made by plaintiff's representative and communicated to defendant were admissible as bearing on the question of defendant's negligence in signing it.

**When party negligent in signing guaranty may defend against it.**

4. Where one party presents a guaranty for signature representing that it is not a guaranty, but of a nature and for a purpose which imposes no liability, the other party may defend against it while in the hands of the first although negligent in signing it without reading.

Evidence, 22 C. J. p. 1024 n. 65; p. 1028 n. 78; p. 1050 n. 15.

Guaranty, 28 C. J. p. 925 n. 34; p. 926 n. 40; p. 1028 n. 46; p. 1030 n. 72.

Action in the district court for Stearns county to recover upon a guaranty. The case was tried before Roeser, J., who ordered judgment in favor of defendant. Plaintiff appealed from an order denying its motion for a new trial. Affirmed.

*Todd, Fosnes & Sterling* and *R. H. de Lambert,* for appellant.

*Donohue & Quigley,* for respondent.

[1]Reported in 210 N. W. 880.

TAYLOR, C.

Action to recover the sum of $1,000 upon a guaranty signed by defendant by the terms of which he guaranteed the payment of whatever amount F. M. & J. P. Truszinski should at any time owe plaintiff for goods purchased, not exceeding that sum.

Defense that the instrument was inclosed in a letter written by plaintiff which stated that the instrument was merely a statement that in defendant's opinion F. M. & J. P. Truszinski were worthy of a line of credit of $500 to $1,000 and that signing it would impose no personal liability on defendant; and that defendant being in a hurry at the time and relying upon the representations contained in the letter signed the instrument without reading it in the belief that he incurred no personal liability thereby. The cause was tried to the court without a jury. The court made findings of fact sustaining the claim of defendant in all respects and directed judgment in his favor. Plaintiff appealed from an order denying a new trial.

Plaintiff contends that the evidence does not justify the finding that the letter set forth in the answer was written by plaintiff and accompanied the guaranty.

Frank M. and John P. Truszinski formed a copartnership as Truszinski Brothers in 1921, and opened a retail shoe store in the city of St. Cloud. The defendant, Stanley Truszinski, is an older brother engaged in the meat and grocery business in the same city. Plaintiff is a manufacturer of shoes located in the city of St. Paul. Frank Truszinski testified in substance that he went to St. Paul and saw W. D. Mann, credit manager of plaintiff, concerning an order for goods which Mann had declined to ship; that Mann wanted a writing signed by defendant; that he told Mann that if it would make defendant responsible in any way he would not ask defendant to sign it; that Mann said he wanted a statement that they were worth the amount of a credit of $500 to $1,000 and that defendant would not be responsible for any debts by signing it; that Mann handed him a form of that purport and was to send another by mail; that a few days later he received a letter from Mann to which a form was attached; that, seeing defendant in the store and having

previously told him what Mann wanted, he handed him the letter with the form attached; that defendant read the letter and then signed the attached instrument without reading it and left both on the desk; and that he, Frank, mailed the instrument to plaintiff and threw the letter into the waste basket from which it was taken to the furnace and burned.

Defendant testified that he stepped into the store on his way to his own place of business; that Frank handed him the letter with another paper attached; that he read the letter which was to the effect that F. M. & J. P. Truszinski were opening a credit account and plaintiff would like his opinion as to whether they were worth $500 to $1,000 and if he would answer, or sign the statement inclosed, he would be under no liability whatever; that being in a hurry to reach his own place of business and relying upon this letter he signed the statement without reading it and left both letter and statement with Frank M. Both Frank and John P. Truszinski testified that they read the letter, and each stated its contents substantially as stated by defendant, and each further stated that he signed the accompanying instrument as a witness but did not read it. The testimony of Frank, while not definite, would indicate that he was of opinion that a form similar to that handed him by Mann was attached to the letter and that the guaranty must have been a third paper also attached thereto.

Mr. Mann was not in the employ of plaintiff at the time of the trial nor present at the trial, but his testimony was given by deposition. He testified that Frank Truszinski called upon him in respect to shipping the goods; that he declined to ship them unless defendant would execute a written guaranty covering the account; that a form of guaranty was given to Frank who said he would have defendant execute it; that a few days later he received a letter from Frank inclosing the guaranty signed by defendant and witnessed by Frank M. and John P.; and that in reliance on the guaranty he shipped the goods.

The signatures to the guaranty were admitted, and Frank admitted writing the letter transmitting it to plaintiff. In this letter he said:

"Enclosed find guaranty which was properly signed by Stan Truszinski and ourselves. He thought it better for us to witness as he did not like to have any outsider witness same."

It does not appear that defendant had any knowledge of this letter or of its contents. Although defendant's answer fully disclosed his claim in respect to the letter from plaintiff handed him by Frank with the guaranty, Mann in his testimony made no reference whatever to the matter of this letter. His statement in respect to the guaranty however is in direct conflict with the statement alleged to have been contained in the letter. Although it may not seem probable that Mann would have written such a letter under the circumstances, yet the three Truszinskis testify that the letter was received and to its contents, and the trial court believed their testimony. It is the province of the trial court, not of this court, to determine the weight and credit to be given to the testimony of the different witnesses and to determine the disputed questions of fact; and this court interferes with the findings of the trial court only where the evidence taken as a whole furnishes no substantial support for such findings. Dun. Dig. and Supps. § 411, and cases cited. That this court might reach a different conclusion if it were to determine the question as an original proposition is not a sufficient reason for saying that the findings should not stand. Woodville v. Morrill, 130 Minn. 92, 153 N. W. 131.

Plaintiff further contends that there was no sufficient foundation for the admission of oral testimony of the contents of the letter. This contention is based largely on the claim that Frank, who had identified the signature to the letter as Mann's signature, was not competent to testify to that fact for the reason that he had only seen Mann's signature upon a couple of subsequent letters and upon the several pages of the deposition. This testimony would seem to be admissible under Cochran v. Stein, 118 Minn. 323, 136 N. W. 1037, 41 L. R. A. (N. S.) 391; Berg v. Peterson, 49 Minn. 420, 52 N. W. 37; and James v. Warter, 156 Minn. 24, 194 N. W. 754. That his knowledge of the signature was limited goes rather to the weight than to the competency of his testimony. There is testimony that

Mann was to send the proposed statement by mail; that it came by mail in one of plaintiff's envelopes attached to a letter; that the letter purported to be signed in plaintiff's name by Mann as credit manager; that the paper accompanying the letter was signed and returned and is the instrument on which plaintiff brings suit, and that the letter was burned. Before the trial defendant served notice on plaintiff to produce plaintiff's copy of the letter. When asked for it at the trial plaintiff's attorney said they had no copy. Irrespective of the testimony as to the signature, the evidence that the letter came from plaintiff and had been destroyed was sufficient to permit the court to receive secondary evidence of its contents. Groff v. Ramsey, 19 Minn. 24 (44); Huntoon v. Brendemuehl, 124 Minn. 54, 144 N. W. 426; In re Estate of Berdell, 143 Minn. 328, 173 N. W. 665.

Plaintiff further contends that the court erred in receiving the testimony of Frank respecting his conversation with Mann for the reason that the only false representations alleged in the answer were those alleged to have been contained in the letter and that there is no evidence that Mann intended his oral representations to be communicated to defendant or that defendant relied thereon. We think it was competent to prove that these representations had been made and communicated to defendant as bearing on the question of his negligence in signing the guaranty without reading it. Such facts were relevant upon that issue.

Plaintiff further contends that defendant was guilty of such negligence in signing the guaranty that he cannot be heard to say that he was induced to sign it by false representations as to its nature and contents. In Finkelstein v. Henslin, 152 Minn. 386, 188 N. W. 737, the defense was that the plaintiff had represented that the instrument contained the agreement made and that in reliance thereon the defendants had signed it without reading. The court said:

"A party fraudulently induced to execute a written agreement upon the false and fraudulent representation that it expresses the agreement made can defend against its enforcement by the other contracting party though he was negligent in signing it."

In support of this doctrine the court cited Nat. Cash Reg. Co. v. Merrigan, 148 Minn. 270, 181 N. W. 585; Prov. J. Co. v. Crowe, 108 Minn. 84, 121 N. W. 415; Prov. J. Co. v. Crowe, 113 Minn. 209, 129 N. W. 224; and Alfred Shrimpton & Sons v. Philbrick, 53 Minn. 366, 55 N. W. 551. That case and the cases cited must be taken as settling the rule in this state where the question is between the original parties and does not involve the rights of innocent third parties. The present case is between the original parties, and the letter which the court found had been received with the guaranty attached must be deemed as potent a representation as an oral statement.

Our conclusion is that the evidence is sufficient to sustain the findings and the order is affirmed.

STONE, J. (dissenting).

Of course there is testimony to sustain the findings but, because they seem to me opposed to any practical view of the case, I cannot help but consider the result below palpably contrary to the preponderating weight of the evidence. If that is so, there should be a new trial in the interests of justice. See Re Estate of Murphy, 148 Minn. 482, 181 N. W. 320, and cases there cited.

To start with, the letter transmitting to plaintiff the document "properly signed by Stan Truszinski and ourselves" characterized it as a "guaranty." It evidences the significant fact that it was considered so formal and important that someone was required to witness it. That letter, frank, spontaneous and a part of the res gestae, is convincing against the contradictory story now put forward for defendant.

Another aspect of the case, to me positively funny, is the idea that the credit manager of any jobbing house would do what Mr. Mann must be considered to have done in order to sustain the findings. Here's the story: The purchasers of the shoes, F. M. & J. P. Truszinski, were customers of such questionable credit that shipment of their order had been refused. Yet, and now the wonder begins, the credit manager who first stopped the shipment finally

authorized it, not only without any guaranty, but also without any effort to get the usual credit information from a *disinterested* and competent source outside the family. He was satisfied and risked his firm's goods on the mere affirmation of a brother of the questionable customers, defendant, that they were worthy of a credit of from $500 to $1,000. No credit manager, at once sane and desirous of holding his job, or getting another like it, would do anything so utterly foolish and so contrary to every known rule of business. It is for such reasons that, regretfully, I have been unable to concur.

QUINN, J. concurs in the dissent.