# HENRY H. PLACKE AND ANOTHER v. WHITE-PRICE COMPANY.[1]

### January 10, 1930.

### No. 27,499.

[1]Reported in 228 N. W. 554.

*Stinchfield, Mackall, Crounse & McNally,* for appellant.
*Tifft & Youngdahl,* for respondents.

OLSEN, C.

Defendant appeals from an order denying its alternative motion for judgment or a new trial.

The action is one to recover damages for fraud and misrepresentations by the defendant in obtaining a mortgage and notes. The appeal presents two questions: (1) whether the evidence is sufficient to sustain a finding of actionable fraud; (2) whether the evidence sustains the finding of any damages or the amount of damages awarded.

Plaintiff Henry H. Placke, hereinafter referred to as the plaintiff, made oral and written application to the defendant to obtain for him a loan of $17,500 on a lot in Minneapolis upon which he was constructing an apartment building. Defendant was engaged in the business of soliciting and placing loans upon real estate for parties having money to lend on such security. Defendant agreed to obtain for plaintiff a loan of $16,500, on a monthly payment plan, to run over a period of ten years, at six per cent interest. The loan was made, the money apparently coming from a corporation named Security Mortgage Corporation. The $16,500 was paid out by defendant for labor and material in the construction of the apartment building, expenses in connection with the loan and property, two monthly payments on the mortgage, and a check for $1,525 to the plaintiff. All papers in relation to the loan were prepared by defendant.

The fraud claimed is that defendant promised and represented that it would secure for plaintiff a loan of $16,500 at six per cent interest, and represented to plaintiff that the mortgage and notes presented to him for signing were for the amount so agreed

upon; that he believed and relied upon these representations and was induced thereby to sign and deliver the notes and mortgage; that defendant fraudulently and without plaintiff's knowledge included in the mortgage and notes an additional amount of $2,675, represented by notes in that amount, thereby increasing the interest rate to that extent, to plaintiff's damage in that sum.

Plaintiff's evidence tended to sustain the claim so made. He testified that he did not read the application for the loan signed by him and was not informed as to its contents; that he and his wife were called in to sign the notes and mortgage; that he read a part of the mortgage, which was a long document in the form of a trust deed, and observed that it was a mortgage for $16,500 with interest at six per cent and that it provided for monthly payments of $172.50 each; that he did not read or understand the provision therein for the payment of additional notes amounting to $2,675 and never received any part of that sum; that a large stack of notes was presented for signature; that he informed defendant that he could not then figure up the amount of the notes and did not do so, but inquired if the amount of the notes was right as to being $16,500 and was informed that the amount was right; that he believed and relied upon defendant's agreement as to the loan and the representations so made and in reliance thereon signed and delivered the mortgage and notes. He is corroborated by his wife as to what was said and done at the time the mortgage and notes were signed; and by another witness as to the agreement for a loan of $16,500 at six per cent interest.

The court submitted the question of fraud to the jury in a clear charge to which no exceptions have been taken. On the record as presented we cannot say that there was not sufficient evidence to justify the jury in finding actionable fraud.

■ Defendant contends that plaintiff was negligent in not reading the mortgage and notes so as to ascertain the total amount. He had opportunity to read these instruments. The amounts could have been computed. But his failure so to do is not conclusive against him. Maxfield v. Schwartz, 45 Minn. 150, 47 N. W. 448,

10 L. R. A. 606; Erickson v. Fisher, 51 Minn. 300, 53 N. W. 638; Alfred Shrimpton & Sons v. Philbrick, 53 Minn. 366, 55 N. W. 551; Eggleston v. Advance Thresher Co. 96 Minn. 241, 104 N. W. 891; Providence Jewelry Co. v. Crowe, 113 Minn. 209, 129 N. W. 224; Van Metre v. Nunn, 116 Minn. 444, 133 N. W. 1012; Duholm v. C. M. & St. P. Ry. Co. 146 Minn. 1, 177 N. W. 772; National Cash Register Co. v. Merrigan, 148 Minn. 270, 181 N. W. 585.

■ Plaintiff had experience in the building construction business, in banking, and other occupations, and was a man of ordinary business ability. Whether he was justified in relying and did rely upon the representations made to him were nevertheless questions for the jury. Kempf v. Ranger, 132 Minn. 64, 155 N. W. 1059; Kraus v. National Bank of Commerce, 140 Minn. 108, 167 N. W. 353; Old Colony L. Ins. Co. v. Moeglein, 165 Minn. 117, 205 N. W. 885.

■ It is urged that plaintiff having read part of the mortgage, sufficient to observe the provision for payment of $16,500 with interest at six per cent and the further provision for monthly payments of $172.50, he must also necessarily have read or observed the provision for the payment of the additional notes aggregating $2,675, which notes are described immediately before the provision for monthly payments, and that therefore his testimony that he did not read or observe the description of and the provision for payment of these notes must be rejected. In view of the number and nature of the documents presented for signature, the representations made, and all the circumstances shown, the credibility of this testimony was for the jury.

■ The jury returned a verdict for $2,675, which the court reduced to $1,300. The notes aggregating the $2,675 are negotiable promissory notes, payable to bearer. Who owned them at the time of the trial does not appear. So far as appears they are valid obligations of this plaintiff. The further facts appear that, prior to the maturity of any of the other notes, except the interest thereon, plaintiff had paid to the trustee under the mortgage, in monthly payments, some $4,000; that of the sums so paid in about $2,000 was required for interest on notes not due, and that the balance should properly be applied on the notes for the $2,675. The trial

court evidently took the view that plaintiff had paid at least $1,300 on the notes in question and limited the recovery accordingly. The evidence sustains recovery for the amount awarded.

Order affirmed.

