OVERSEER OF THE POOR OF THE CITY OF ELIZABETH, APPELLEE, v. JOHN MITCHELL, APPELLANT.

*Argued November 7, 1906—Decided February 25, 1907.*

Defendant in an action brought upon a bond signed by him, purporting to secure payment of weekly sums for his wife's support, being called as a witness in his own behalf respecting the execution of the bond, and having admitted the signature and testified that he could not read English (the bond being written in that language), was prevented by rulings of the trial judge from answering questions tending to show that the bond was not read to him, that he did not know its purport and was given to understand that it only required him to make an appearance in court. *Held*, error.

---

On appeal from the Elizabeth District Court.

Before Justices FORT, PITNEY and REED.

For the appellant, *Samuel Koestler.*

For the appellee, *James C. Connolly.*

The opinion of the court was delivered by

PITNEY, J.   Plaintiff's state of demand in the court below set forth that in a proceeding under the "Act concerning disorderly persons" (*Pamph. L.* 1898, *p.* 947, § 17), the defendant was adjudged to be a disorderly person, and was directed to pay to his wife for her support and maintenance the sum of $4.50 per week from the date of the order, and the defendant thereupon entered into bond to the overseer of the poor in the sum of $500 for the faithful performance of the condition of said order; that defendant had not complied with the condition of said order and had refused to comply with the same or any part thereof, notwithstanding the giving of said bond, and that by means of the several promises and conditions of said bond he had become indebted upon the same to the overseer of the poor in the sum of $500.   By a liberal construction this state of demand might be treated as setting up two grounds of action—one based upon the order of the police justice and the other upon the breach of the bond.   In the briefs of counsel on both sides, however, the action is treated as an action upon the bond, and the state of the case shows that judgment was given in favor of the plaintiff and against the defendant in the sum of $40, due upon the bond when suit was instituted.   The statute (*Pamph. L.* 1898, *p.* 949, § 24) provides that when an order for support is made against the husband he shall be required to execute a bond to the overseer of the poor to stand to and obey such order, and in default thereof he shall be committed to the county jail until such bond shall be given.   Whether the statute contemplates any action at law to be brought for enforcing payment of sums required by the magistrate's order to be paid by the husband other than an action upon the bond, is a question we do not feel called upon to determine, since from the briefs and the state of the case the present action

appears to have been dealt with as based upon the bond, and it is doubtful whether sufficient evidence was introduced on the trial of the present action to sustain a recovery other than upon the bond.

So treating it, we find error in the overruling of questions put to the appellant, who was called as a witness in his own behalf, respecting the execution of the bond. He, having testified that the signature to the instrument was his, and that he could not read English (the bond being written in that language), was prevented by rulings of the trial judge from answering questions tending to show that the bond was not read to him; that he did not know it provided for his paying weekly sums for his wife's support, and was given to understand that it only required him to make an appearance in court, and that he would not have signed the bond if he had known it provided for the payment of weekly support.

Assuming answers most favorable to the appellant, they might have shown that he did not consciously execute an instrument of the character in question, and perhaps might have shown that he was defrauded into signing it.

The judgment should be reversed and the record remitted for a new trial.