# STERN *v.* MONEYWEIGHT SCALE COMPANY.

FRAUD; CONTRACTS; DUTY TO READ; PLEADING; AFFIDAVIT OF DEFENSE; SALE; OFFER AND ACCEPTANCE; REVOCATION.

1. It is as much the duty of a person who cannot read the language in which a contract is written to have someone read it to him before he signs it, as it is the duty of one who can read to peruse it before signing. (Citing *Toledo Computing Scale Co.* v. *Garrison*, 28 App. D. C. 243.)

2. As between the parties to a written contract, the party who, though able to read, was induced through the other's misrepresentations as

to its contents, to sign it without reading, may avoid it upon the ground of fraud.

3. An affidavit of defense in an action based on an order and note for goods alleged to have been purchased by the defendant is sufficient under the 73d rule to entitle the defendant to a hearing on the merits, where it denies that the defendant knowingly signed the order and note, and alleges that, having unsuccessfully sought to have the defendant buy the goods, the plaintiff's agent offered to send the same on approval, and, after acquiescence by the defendant, presented the paper representing it to be an authorization to send the goods on approval, and that the defendant, being unable to read English, and believing the representations to be true, signed the paper, and two or three days later, after ascertaining its contents, wrote the plaintiff not to ship the goods, and declined to accept them when delivered. (Citing *Codington* v. *Standard Bank*, 40 App. D. C. 409.)

4. A contract made with a seller's agent who had authority to consummate the same, for the purchase of goods for which a note has been given, cannot be revoked by the buyer by a notice to the seller not to deliver the goods. (Distinguishing *Curtis* v. *American Case & Register Co.* 38 App. D. C. 115.)

No. 2621. Submitted March 4, 1914. Decided April 6, 1914.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in plaintiff's favor, for want of a sufficient affidavit of defense, in an action to recover the price of a computing scale alleged to have been sold by plaintiff to defendant.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for the plaintiff, Moneyweight Scale Company, appellee here, in the supreme court of the District under the 73d rule.

The declaration is in two counts. The first declares on a written order in which the defendant requested the plaintiff to send him, at his place of business in the District of Columbia, one computing scale, for which the defendant was to pay the sum of $120, $7.50 in cash with the order, and the balance of $112.50 in monthly instalments of $7.50 each. This count fur-

ther sets forth that the provision as to instalment payments was evidenced by a note signed by the defendant and attached to said written order. Failure to pay any instalment when due entitled the plaintiff to recover all. The second count embraces the common counts in assumpsit. The affidavit of merit was made by one William F. Bowen, and recites that, as agent of the plaintiff, he received said order from the defendant, and that, as said agent, he waived the cash payment that should have accompanied the order, and accepted in lieu thereof defendant's separate written promise to pay him, said agent, the amount of said payment.

In his affidavit of defense defendant avers that "he never sent an order to William F. Bowen, the person making the affidavit attached to plaintiff's declaration, as by said Bowen alleged;" that one Morris Kisseleff called at his place of business and urged him to buy a scale; that he stated to said Kisseleff that he did not care to buy a scale, because he contemplated selling his business; that thereupon "said Kisseleff requested that affiant permit him (Kisseleff) to send him (affiant) a scale on approval, that is to say, that if he changed his mind and did decide to keep the scale, he could do so, but that if he sold his store or for any other reason decided that he didn't care to keep the scale, he could return it;" that said Kisseleff "was very urgent and importuned the affiant for permission to send him a scale on approval," and that affiant finally consented that this might be done; that thereupon "said Kisseleff shoved a paper partly printed and partly written toward affiant, who can neither read nor write English, saying that that paper was the necessary authorization to send said scale on approval, and affiant, not having been made familiar with the contents of same, signed said paper supposing it to be what said Kisseleff represented it to be. Affiant emphatically denies that he ever knowingly signed the contract and notes referred to in plaintiff's declaration, but that his signature thereto was procured by the misrepresentation and deceit of plaintiff's agent;" that about two or three days later affiant ascertained the contents of said paper and wrote plaintiff not to ship said scale; that when the scale

was delivered he declined to accept it and returned it to the plaintiff.

*Mr. Joseph L. Tepper* and *Mr. Samuel V. Gusack* for the appellant.

*Mr. E. F. Colladay* and *Mr. Soterios Nicholson* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

If the averments in the affidavit of defense are true, and we must here assume them to be, the defendant was induced to sign the order and note through the misrepresentations of plaintiff's agent. May he defend this action upon such a ground? It is true that it is as much the duty of a person who cannot read the language in which a contract is written to have someone read it to him before he signs it, as it is the duty of one who can read to peruse it himself before signing it. *Toledo Computing Scale Co.* v. *Garrison,* 28 App. D. C. 243. But this general rule does not reach the case before us. As between the parties to a written contract, the party who, though able to read, was induced through the misrepresentations of the other party as to its contents to sign it without reading, may avoid it on the ground of fraud. Thus, in *Providence Jewelry Co.* v. *Crowe,* 113 Minn. 209, 129 N. W. 224, the action was upon a written contract for goods sold and delivered. The defendant was a business man who signed the written contract without reading it, having been induced to do so by the representations of the plaintiff's agent to the effect that its terms were in accordance with the oral agreement preceding it. The court ruled that, although the defendant had shown "want of ordinary business prudence in signing the contract without reading it," he could nevertheless defend on the ground of fraud as against the other party. The court said: "Plaintiff cannot escape from the consequences of its fraud by asserting that the defendant ought not to have confided in its integrity." To the same effect are *American Fine Art Co.* v. *Reeves Pulley Co.* 62 C. C. A. 488, 127 Fed. 808;

*Elizabeth* v. *Mitchell,* 74 N. J. L. 342, 68 Atl. 89; *J. Weil &
Co.* v. *Quidnick Mfg. Co.* 33 R. I. 58, 80 Atl. 447; *Linington*
v. *Strong,* 107 Ill. 295; *Prestwood* v. *Carlton,* 162 Ala. 327,
50 So. 254. It is apparent, from the foregoing, that the affidavit
of defense should have been held sufficient to entitle the defend-
ant to a hearing upon the merits. *Codington* v. *Standard Bank,*
40 App. D. C. 409.

Since a trial will probably be held, one other question raised
by the defendant perhaps should be noticed. It is argued that
under the authority of *Curtis* v. *American Case & Register Co.*
38 App. D. C. 115, the defendant would be entitled to judgment
on proof that he had notified the company not to send the scale.
In the Curtis Case the contract was not to be in force until ac-
cepted by the company, while in the present case the agent was
authorized to consummate the contract. The defendant, there-
fore, could not withdraw from his contract unless it was induced
by the misrepresentation of plaintiff's agent.

Judgment reversed with costs, and cause remanded for fur-
ther proceedings.                        *Reversed* and *remanded.*